No. 9390.

ELLIOTT COMPANY v. COURTRIGHT PUBLISHING COMPANY

1. TIME—*Computation Of.* When any matter of practice is required by statute or order of court, it is to be done within a certain number of days, from a day named—the day so named is to be excluded.

2. JUSTICE OF THE PEACE—*Appeal—Time for Filing Bond.* The day of the entry of judgment is excluded, and when the tenth day falls upon Sunday the bond may be filed on the ensuing Monday.

*Error to Denver County Court, Hon. George W. Dunn, Judge.*

Messrs. PERSHING, NYE, FRY & TALLMADGE, for plaintiff in error.

Opinion by Mr. Justice Allen:

THE sole question to be determined in this case relates to the computation of time under that provision of section 3846 R. S. 1908, section 4411 M. A. S. 1912, which requires that a party appealing from a judgment of a justice of the peace shall enter into bond "within ten days from the rendition of the judgment."

In the instant case, commenced and tried in a justice court, a judgment was rendered in the justice court on September 6, 1917. The losing party perfected, or sought to perfect, an appeal to the County Court, and in the

course of this matter filed the appeal bond on September 17, 1917. Thereafter, in the County Court, the appeal was dismissed on the ground that it had not been taken in due time. The appellant in the County Court has sued out this writ of error, and the only question necessary to be considered on this review is whether or not the appeal bond was filed "within ten days from the rendition of the judgment" in the justice court, within the meaning of the statute above cited.

In 24 Cyc. 677, in the article on Justices of the Peace, the rule is stated as follows:

"The day upon which judgment was rendered is to be excluded in computing the time within which an undertaking on appeal is to be filed."

This rule is unquestionably correct, being the same as that applied to the filing of appeal bonds generally which, as stated in 3 C. J. 1182, sec. 1254, is that "the first day is to be excluded and the last day included."

In 38 Cyc. 321, it is said:

"It has been stated generally that when any matter of practice or procedure is required by statute or order of court to be done within a certain number of days, the first day is excluded."

And on page 326 of the same work, appears the following text:

"It is a general rule, not only in jurisdictions where the computation of time is regulated by statute, but in other jurisdiction where it is not so regulated, that, in computing the time given or allowed by statute or order of court for the taking of an appeal or writ of error, and all the proceedings necessary to perfect the same, there should be excluded the date of rendition of the judgment, order, or decree, or other day from which the time commences to run, and that the last, or the day on which the appeal is taken, should be included."

Speaking of the rule, as applied to judicial proceedings generally, this court in *Evans v. Bowers*, 13 Colo. 511, 514, 22 Pac. 812, 813, said:

"From an examination of the question, we find that the rule requiring the first day to be excluded is well sustained by authority."

Under the rule above discussed, and which upon principle and authority should be applied in the instant case, the ten day period, within which the plaintiff in error was required to file its appeal bond, began to run on September 7, 1917, and the tenth and last day, under ordinary circumstances, upon which the appeal bond could be filed, would be September 16, 1917.

The record shows that September 16, 1917, was a Sunday, and that the appeal bond in question was filed the following Monday. The plaintiff in error contends that when the tenth day falls on Sunday, the appeal bond may be filed on the following day and still be filed within the time allowed by the statute.

It is provided in section 416 of the Code of Civil Procedure of 1908, that in proceedings under the code the time within which any act is to be done "shall be computed by excluding the first day and including the last; if the last day be Sunday or a legal holiday, it shall be excluded."

Upon principle the same rule should be followed in proceedings in Justice Courts, so that, in the matter of appeal bonds, if the tenth day falls upon a Sunday the bond may be filed on the following Monday. Such is the practice prevailing in most jurisdictions. In 24 Cyc. 677, in a paragraph treating of the filing of appeal bonds in Justice Courts, it is said that "generally, where the last day falls on Sunday, the undertaking may be filed on Monday." In 3 C. J. 1183, sec. 1254, the same rule is stated with reference to appeal bonds generally. The rule excluding Sunday if it falls on the last day, when applied to administrative and judicial acts, has been approvingly referred to by this court in Computation of Time, In re Senate Bill No. 56, 9 Colo. 632, 21 Pac. 475. It was there stated that "there can be no curtailment of the full period of time allowed by law," and the case holds that under section 11, article 4

of the constitution, if the last of the ten days within which the governor may return a bill falls on Sunday, "it follows from reason and principle that the return day * * * (is) continued by operation of law until Monday."

For the reasons above named, we are of the opinion that the appeal bond involved in the instant case had been filed in due time, and that the County Court erred in dismissing the appeal. The judgment is reversed.

Chief Justice Garrigues and Mr. Justice Bailey concur.