No. 13,681.

UNITED STATES FIDELITY AND GUARANTY COMPANY ET AL.
*v.* INDUSTRIAL COMMISSION ET AL.
(46 P. [2d] 752)

Decided June 3, 1935.    Rehearing denied July 1, 1935.

Mr. HENRY H. CLARK, Mr. W. FELDER COOK, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. JOHN W. SHIREMAN, Mr. N. L.

Comstock, Mr. Harold Clark Thompson, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

John A. Fleming, while employed as a hard rock miner, received injuries, the results of two accidents, one on May 2, 1925, the other on December 29, 1931. The first occurred while he was employed by Oston Company and United Gold Mines Company, which were insured in the United States Fidelity and Guaranty Company. These are plaintiffs in error, and the companies may sometimes herein be referred to as "first employers." The second accident occurred while Fleming was in the employ of the Cresson Gold Mining and Milling Company, insured by State Compensation Insurance Fund. Both are defendants in error, the company being herein designated as "second employer." Fleming will be referred to as claimant.

This is a workmen's compensation case involving consolidated claims for the two accidents. A final award for $2,120, for injuries sustained in the first accident was entered against first employers, and an award for $2,640, was given against second employer, for the second accident, both being affirmed by the district court. First employers assign error.

On May 2, 1925, claimant, in the course of his employment, suffered a fractured skull and, upon recovery, returned to work June 1, 1925. He received compensation for the period he was not at work, and his hospital and doctor bills were paid. June 15, 1925, a referee of the Industrial Commission forwarded to claimant application blanks for hearing, if requested, on permanent disability, if any, resulting from the accident, and advising him that unless he replied within ten days, the commis-

sion would assume that he did not claim any permanent disability and would close its file. He made no reply. After resuming work, claimant put in full time at the same and increased wages until December 29, 1931, when the second accident occurred while he was working for the second employer. Falling a distance of about forty feet, he landed on his head and shoulders, the fall resulting in a compression fracture of the eleventh dorsal vertebra, for which he filed claim for disability. During the course of the hearing on this claim, his attorneys, by letter, made a claim for permanent disability alleged to have resulted from the first accident on May 2, 1925. This application was made September 25, 1933, more than eight years after the accident.

On January 30, 1934, a referee of the commission entered an order for compensation for temporary disability for the accident of December 29, 1931, for a period from January 9, 1932, to May 1, 1933, and for further compensation for permanent disability at the rate of $14 per week, from June 1, 1933, until the sum of $3,640 should be paid. This order was against the second employer and State Compensation Insurance Fund, and was confirmed by the commission July 5, 1934. On the same date, January 30, 1934, the referee made a finding that claimant sustained *no permanent* disability by reason of the accident of May 2, 1925.

June 25, 1934, plaintiffs in error, the first employers and the insurer, filed motion for dismissal of the claim against them, on the ground of failure to make claim for disability for more than eight years after May 2, 1925, the date of the first accident, and under section 4458, C. L. '21, which provides that any disability beginning more than five years from the date of the accident, shall be conclusively presumed not to be due to such accident; also on the six-year statute of limitations, section 6392, C. L. '21, and further, that the commission did not reopen the case on its own motion, but upon application of claimant's attorneys.

Based upon disabilities determined from a diagnosis made August 27, 1930, the Veterans' Bureau made allowance to claimant of $12 per month, on a twenty-five per cent permanent and partial rating, for "tuberculosis, silicosis, skull fracture, no apparent residual pathology."

The commission found that claimant was partially and permanently disabled by the 1925 accident to the extent of forty-one and two-thirds per cent, and thirty-three and one-third per cent as a working unit, as a result of the second accident, December 29, 1931; that he was receiving government compensation for a twenty-five per cent disability, making total permanent disability of one hundred per cent.

In the findings and award of the commission, we find, with reference to the first accident the following language: "But the commission can not find that he is permanently and totally disabled by reason of that accident, when the evidence shows that he worked for more than six years following the injury. However, considering the serious nature of the injury and the ensuing chain of circumstances, the commission does find that the claimant was partially disabled to the extent above mentioned."

In claimant's petition for review is the following statement: "The referee has failed to consider the undisputed evidence that the claimant was able to do heavy manual labor up to December 29, 1931, and that he has ever since been and now is totally disabled from engaging in any gainful occupation."

Final award of the commission was entered August 11, 1934, which was affirmed by the district court, and the first employers, and insurer, assign error, grounds of which were generally presented in their motion to dismiss, the particular specification being that there is no evidence to support the finding against plaintiffs in error.

On this review we are concerned only with the award for permanent disability resulting from the first accident of May 2, 1925. In the proceedings before the

commission this claim was consolidated with the claim for disability from the second accident, which necessarily makes the record extensive and the labor of examination tedious. A review of the evidence would unduly prolong this opinion. We are unable to understand the calculations of disability percentages by the commission, and considering the wording of the findings and award heretofore set out, such findings must be declared to be conclusions, based upon possibilities and probabilities and not upon actualities. Necessarily we are dealing with the correctness of an award of compensation for disability, and disability, as that term is used in the Workmen's Compensation Act, means disability to work. *Employers' Mutual Insurance Co. v. Industrial Com.,* 70 Colo. 228, 199 Pac. 482.

As to the period for which disability in this case was claimed, and an award made; that is, between May 2, 1925, and December 29, 1931, claimant testified—and it is admitted and nowhere disputed—that he returned to work as a hard rock miner about June 1, 1925, and continued to work at the same and increased wages until the date of the second accident in December, 1931. This work was carried on by claimant, with no report or complaint of any disability except an occasional headache and some discomfort; however, it is apparent from the record, the effect of which is conclusive on claimant, that during this period, according to the records of the Veterans' Bureau, he was not a normal healthy individual. He was sufficiently aware of his rights to make claim for permanent disability, if any he had, because he did make claim for temporary disability, received compensation therefor, and was afforded opportunity by the referee to present his claim for permanent disability if any he had.

In view of the work history and the opportunities afforded to make claim in apt time, claimant's failure to do so now confronts him as laches under all the circumstances. The employer and insurer must be, and are, given protection in such cases, and are not required

to compensate for possible disability concerning which they had no notice or opportunity to investigate. None of the physicians testifying in claimant's favor examined him prior to the second accident, and they were unable definitely to attach claimant's disability, as found after the second accident, to the results of the first accident. The conjectures of physicians, pointing to an aftermath of the first accident, considered with claimant's testimony, the claim made, and the work history, presents an incompatible and discordant combination. It does not afford such evidence as will support the award, and when considered is so weak that it falls within the class which is considered no evidence at all. To be compensable, disability must rest upon the actual impairment of claimant as a working unit. Such impairment is not to be found during the period intervening between the two accidents. Justice and fairness will not permit an award for disability when none exists.

It is unnecessary to discuss the various steps of the proceedings, since they lead us to the major question which we have herein considered and determined. The record and the evidence do not justify the award against plaintiffs in error, and their motion to dismiss the claim should have been sustained.

Judgment reversed.

MR. JUSTICE CAMPBELL and MR. JUSTICE BOUCK not participating.