## No. 14,465.

STAHURA *v.* INDUSTRIAL COMMISSION, ET AL.
(86 P. [2d] 1080)

Decided January 23, 1939.

Mr. E. A. Tower, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, Mr. Frank C. West, for defendants in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This is a workman's compensation case in which plaintiff in error was the claimant. He seeks reversal of the judgment of the trial court, which sustained the award of the commission of date May 16, 1938, and which reads as follows:

"In the above-entitled cause, the commission having reviewed the entire file and particularly the testimony taken before the Referee on December 1, 1937, and March 9, 1938, and now being sufficiently advised in the premises finds:

"That claimant was employed by the above-named respondent employer as a coal miner working underground. On November 16, 1929, he sustained a compound, comminuted fracture of the right tibia and fibula in an accident arising out of and in the course of his employment. The injury was so severe and of such a nature that competent medical examiners were then of the opinion that amputation was the only practical method of treatment. Surgery was offered the claimant and refused by him.

"The case was heard by a Referee of this commission on April 9, 1930, who in light of claimant's refusal to accept the treatment, then deemed advisable, ordered temporary total disability terminated and the payment of compensation for complete loss of the leg at the knee, which would have been the resulting disability had the

operation been performed. The Referee 'further ordered: That respondents shall not be held liable for any further disability than that allowed herein.' This award was paid in full and the case closed in November, 1932.

"Not until January 30, 1936, did claimant make any complaint thereto. He now urges that he has either more or less permanent disability, and has been temporarily and totally disabled since his injury. Claimant's own testimony indicates no improvement. He admits that his leg is better, but denies his ability to return to work. His doctors are equally as inconsistent. They admit that his leg is better by prosthesis, but maintain that it is a total loss industrially. One doctor even estimated his disability from 65 to 75% as a working unit.

"Had claimant permitted, he would have been rehabilitated long before his compensation ceased, whereas by his refusal he still remains incapacitated. Claimant elected to refuse the treatment that was indicated and offered. He was compensated for complete loss of the leg at the knee. If his disability now is less than it was, he has no reason to complain. If his disability is greater than it would have been with amputation, it is the result of his own election.

"The commission finds 'no error, mistake or change in condition' and that claimant has been compensated in full for his injury.

"It is, therefore, ordered: That claimant's claim for compensation or medical benefits in addition to those heretofore received, be and the same is hereby denied."

Claimant received compensation for temporary total disability from November 27, 1929, to April 9, 1930, and in addition 159 weeks' compensation for permanent disability, a total sum of $2,214, based upon the physicians' testimony that the claimant's leg should be amputated at the knee. He signed a final receipt for this amount "in full settlement of compensation" November 15, 1933.

It is conceded that claimant was totally disabled as a working unit as late as 1935, when he was still using

crutches, and that his disability may be fifty per cent today. It is his theory that he should not be penalized because of his refusal of the advised and offered amputation, and he insists that he should "receive fifty per cent. (50%) of his average weekly wages so long as such disability is total * * *." '35 C. S. A., c. 97, §350, C. L. §4445. It also is conceded that payment of compensation was made under the provisions of sections 352, chapter 97, supra, which reads in part, "loss of a leg at or above the knee, where the stump remains sufficient to permit the use of an artificial limb . . . 139 weeks." We have held, in considering this section, that the doctrine of liberal construction as applied to the workman's act does not clothe the commission with power to ignore its mandatory provisions. *Colorado F. & I. Co. v. Industrial Commission*, 88 Colo. 573, 298 Pac. 955.

A preponderance of the medical testimony at the hearings in 1930 and in 1937 was to the effect that an amputation should have been performed. The concluding clause of section 352, supra, is as follows: "The commission may award compensation under the permanent partial disability section [357] as the commission in its discretion may determine from the particular facts in each case." Section 360 provides, inter alia, "If any employee * * * shall refuse to submit to such medical or surgical treatment as is reasonably essential to promote his recovery, the commission may, in its discretion, reduce or suspend the compensation of any such injured employee." We are not here called upon to express any opinion as to claimant's desire to retain the injured member. Such probably was the natural attitude for him to assume under the circumstances, for which he is not to be censured. But regardless of this feature of the case we can not, and do not, say that the commission exceeded its jurisdiction or abused its discretion when, in the light of the medical testimony it decreed that compensation should be awarded on the basis of claimant's loss had he submitted to the recommended amputation.

The allusion to fraud on the part of one of the medical men is without foundation in the record, save and except that he was called a "fixer" by one of the counsel in the case. It calls for no further comment.

We must agree with the commission, as did the trial court, that "if his [claimant's] disability is greater than it would have been with amputation, it is the result of his own election."

Judgment affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BURKE concur.