No. 20,024.

Industrial Commission of Colorado, et al., v.
Archie Vigil.
(373 P. [2d] 308)

Decided July 2, 1962.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. PETER L. DYE, Assistant, for plaintiff in error Industrial Commission of Colorado.

Mr. HAROLD CLARK THOMPSON, Mr. LOUIS SCHIFF, Mr. ALIOUS ROCKETT, Mr. FRED B. DUDLEY, Mr. FRANCIS L. BURY, for plaintiffs in error State Compensation Insurance Fund and Royal Gorge Packing Company.

Mr. ELMER LEE HAMBY, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE PRINGLE.

PLAINTIFFS in error were defendants in the trial court. They will be referred to as follows: "Industrial Commission of Colorado as the 'Commission'; State Compensation Insurance Fund as the 'Fund,' and Royal Gorge Packing Company as 'Employer.'" Defendant in error Vigil will be referred to as "Claimant."

On May 22, 1956, Claimant, while working for the Employer, sustained an injury compensable under the Workmen's Compensation Act, C.R.S. '53, 81-1-1, et seq. An award of benefits for temporary total disability was entered on September 20, 1956. On June 20, 1957, the Fund filed an admission of liability for temporary total disability to July 1, 1957, and for permanent partial disability of 10% as a working unit. The Claimant filed no objection to the estimate of permanent disability contained in the admission of liability. The Commission thereupon approved the admission of liability and granted Claimant's request for a partial lump sum settlement.

In October 1957 Claimant asked to have the matter reopened on the ground that the Claimant was now

100% disabled. As a result of this petition the case was reopened by the Commission. Upon a hearing, the Commission found that the Claimant's condition had indeed deteriorated and that he was in need of surgery to correct the condition. The Commission further found that because of his convictions the Claimant would not consent to transfusions of whole blood necessary in the type of surgery needed by the Claimant. The Commission gave the Claimant reasonable time to consult with others regarding the advisability of accepting surgery under the required conditions.

The Claimant, noting that the doctor's report stated that his disability would be 10% after the operation, refused to accept the operation and again stated that he would not accept any surgery in which a blood transfusion was required.

The Commission thereupon found that the Claimant had no reasonable excuse to refuse surgery and that successful surgery would reduce his disability to an amount not in excess of that already admitted by the Fund. Accordingly, the Commission ordered that no additional compensation should be awarded the Claimant. No review was sought of this award.

Thereafter the Claimant filed a petition requesting that the matter be held open and the Claimant be given an indefinite period of time to secure a physician who would operate without the use of blood transfusions. The Commission denied this petition on February 24, 1958, pointing out the right of the Claimant to petition for a reopening of the case under C.R.S. '53, 81-14-19 at such time as was proper. Again no review was sought.

Various petitions were filed thereafter by the Claimant and determination was made thereon, but these have no bearing on the issues involved here.

Finally, on August 4, 1960, Claimant again petitioned the Commission to reopen the case on the grounds of error, mistake and change of condition. He attached to this petition a statement of one Dr. J. C. Bolin of Kan-

sas City, Missouri, that he had performed surgery on the Claimant, although not of the type recommended by the surgeon at the original hearing, and that in his opinion a good result had been achieved. He rated the Claimant's disability at 40% of the low back.

The Fund objected to reopening the case and requested that the Claimant submit to examination by Dr. Norman, the physician who had originally found Claimant's disability to be 10% as a working unit. Dr. Norman found that the Claimant had shown marked improvement and now had a disability of only 2½% as a working unit.

The Commission made a finding that there was an insufficient showing of error, mistake or change in condition and refused to reopen the case.

Thereupon Claimant filed his complaint in the district court seeking review and reversal of the Commission's action in refusing to reopen the case. The Commission filed a motion to dismiss the complaint on the ground that the same had not been filed within 20 days from the date of the award as required by the statute. This motion was overruled and the trial court, after further hearing, found that the Commission had clearly abused its discretion and thereupon entered judgment, ordering the case remanded to the Commission with directions to reopen and reconsider the claim and permit the Claimant to produce further evidence and testimony as to his present disability.

I. *Did the trial court err in holding that the complaint had been timely filed?* The answer is in the negative.

The Commission urges that the complaint should have been dismissed at the outset because the complaint in the district court was not filed within 20 days after the final award entered by the Commission as required by C.R.S. '53, 81-14-7. The twentieth day after the award was entered fell on Sunday and the complaint was filed on the Monday following. The general rule is that whenever a time for performance of an act is

set by statute and that date falls on Sunday, the date is by operation of law continued until the following Monday. *Elliott Co. v. Courtright Pub. Co.*, 67 Colo. 449, 182 Pac. 882; *In Re Senate Bill No. 56*, 9 Colo. 632, 21 Pac. 475; *Street v. United States*, 133 U.S. 299, 10 Sup. Ct. 309, 33 L. Ed. 631.

The trial court was correct in overruling the Commission's motion to dismiss for failure to file the appeal within the statutory time.

II. *Did the trial court err in holding that the Commission had abused its discretion in refusing to reopen the case?* Our answer is in the affirmative.

C.R.S. '53, 81-14-19, under which plaintiff filed his petition, provides in pertinent part as follows:

". . . Upon its own motion on the ground of error, mistake, or change of condition, the commission . . . may refuse any award and on such review may make an award ending, diminishing, maintaining or increasing compensation previously awarded . . . "

Claimant sets up a two-pronged argument in support of the trial court's judgment, (1) that it was a mistake as a matter of law for the Commission to close the case in the first instance on the basis of Claimant's refusal to accept surgery, and (2) that the report of Dr. Bolin showed such a change of condition that it constituted an abuse of discretion not to reopen the case for further proceedings.

We deal first with the question of whether the Commission committed a mistake as a matter of law when it closed its file on the Claimant's refusal to accept surgery.

C.R.S. '53, 81-12-12 (as amended) provides in pertinent part as follows:

". . . If any employee . . . shall refuse to submit to such medical or surgical treatment as is reasonably essential to promote his recovery, the commission in its discretion may reduce or suspend compensation of any such injured employee . . . "

There was presented to the Commission a question of fact as to whether the treatment was reasonably essential to promote Claimant's recovery. *Cain v. Industrial Comm'n.*, 136 Colo. 227, 315 P. (2d) 823; *Overton v. Denver*, 106 Colo. 114, 102 P. (2d) 474. The Commission, after hearing, found that surgery was reasonably essential to effect Claimant's recovery, and the surgery proposed was such as to be free of unusual risk. All physicians involved were in agreement that this surgery was necessary.

Because of these circumstances, the Commission found that Claimant's disability should be rated at the degree which would have obtained after the operation had he consented thereto. This the Commission had the right to do and we cannot find that its action constituted a mistake or that it abused its discretion when it closed Claimant's case on that basis. *Stahura v. Industrial Comm'n.*, 103 Colo. 451, 86 P. (2d) 1080.

■ Nor does the fact that the Claimant refused to accept the surgery because of his religious convictions change the situation. Claimant was free to exercise his right to accept the tenets of his church and to exercise the right to practice his beliefs, but his choice did not permit him to subject his employer to greater liability than would have obtained had Claimant's religious faith permitted him to undergo the type of surgery required. *Martin v. Industrial Acc. Comm'n.*, 147 Cal. App. (2d) 137, 304 P. (2d) 828.

We come then to the contention that Dr. Bolin's report, stating that the plaintiff had a 40% disability in his low back, was evidence of such a change in condition in Claimant's permanent partial disability that the Commission abused its discretion in refusing to reopen the case based on that report.

■ The refusal of the Commission to exercise its authority under C.R.S. '53, 81-14-19 to review a claim which is otherwise closed, has been before this Court on numerous occasions, and it has been consistently held

that the Commission's action in refusing to reopen and review a case cannot be set aside by the courts except in case of fraud or clear abuse of discretion. *Beckley v. Industrial Comm'n.*, 112 Colo. 135, 146 P. (2d) 990; *Industrial Comm'n. v. Kokel*, 108 Colo. 353, 116 P. (2d) 915; *Contes v. Metros*, 113 Colo. 1, 153 P. (2d) 1000, and many others.

■ C.R.S. '53, 81-12-9 (as amended) provides in part as follows:

" . . . In determining permanent partial disability the commission shall ascertain in terms of percentage the extent of general permanent disability which the accident has caused . . . "

In interpreting this statute, this Court has declared that disability, to be compensable, must rest upon the actual impairment of Claimant as a working unit. *United States Fidelity & Guar. Co. v. Industrial Comm'n.*, 97 Colo. 102, 107, 46 P. (2d) 752.

The Commission determined in an earlier hearing on the basis of competent medical evidence that the Claimant's disability after recommended surgery would not exceed 10% as a working unit. No review was sought of that determination. Nothing presented to the Commission in the matter now before us indicates that Claimant's impairment as a working unit had increased to an extent greater than that of 10%. The estimate of Dr. Bolin that Claimant had a 40% disability to his low back was not such evidence of a change in disability as a working unit as to require the reopening of the case as a matter of right. It was not an abuse of discretion for the Commission to refuse to reopen the case on the basis of Dr. Bolin's report.

The judgment is reversed and the cause remanded to the trial court with directions to dismiss the action.

Mr. Justice Frantz and Mr. Justice Sutton concur.