**Charles A. DORMAN, Petitioner,**

v.

**B & W CONSTRUCTION COMPANY, Travelers Indemnity Company, and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 87CA1467.

Colorado Court of Appeals, Div. II.

April 21, 1988.

James A. May, Denver, for petitioner.

Blackman & Levine, Lawrence D. Blackman, Denver, for respondents B & W Const. Co. and Travelers Indem. Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Gregory K. Chambers, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

SMITH, Judge.

Charles A. Dorman (claimant) seeks review of a final order of the Industrial Claim Appeals Office (Panel) which affirmed a hearing officer's order denying claimant's petition to reopen. We set aside the order and remand with directions.

Claimant's petition to reopen because of a change of condition was supported by his testimony and the opinion of Dr. Harder. Dr. Harder estimated that claimant's permanent disability had increased by two percent. In addition, both claimant and Dr. Harder testified that claimant's general physical condition had worsened.

The petition to reopen was denied based on the hearing officer's conclusion that despite Dr. Harder's estimate, claimant's *industrial disability* had not increased. The Panel affirmed, holding that the lack of increased industrial disability was a sufficient basis upon which to deny the petition to reopen. In so holding, the Panel relied on *Industrial Commission v. Vigil,* 150 Colo. 356, 373 P.2d 308 (1962). We conclude that *Vigil* was improperly relied upon and that an erroneous standard was used to deny the petition to reopen.

Section 8–53–113, C.R.S. (1987 Cum. Supp.) permits the reopening of an award if a worker's physical condition has worsened. *See Lucero v. Climax Molybendum Co.,* 732 P.2d 642 (Colo.1987). To warrant reopening, it is not necessary that a worker's industrial disability, *i.e.,* the degree of permanent partial disability, has increased. Rather, reopening is also appropriate where additional medical and temporary disability benefits are warranted. *See Osborne v. Industrial Commission,* 725 P.2d 63 (Colo.App.1986); *Chavez v. Industrial Commission,* 714 P.2d 1328 (Colo.App. 1985).

Here, claimant presented evidence which could support an award of additional medical, temporary disability, and vocational rehabilitation benefits. It was error to disregard this evidence solely because of the hearing officer's conclusion that claimant did not show by a preponderance of the evidence that his *permanent* disability had increased.

*Industrial Commission v. Vigil, supra,* does not suggest a different rule. There, the claimant originally received a ten percent permanent partial disability award as a working unit. When his condition worsened, the claimant twice sought to reopen. Each time, the Industrial Commission denied the petition because the claimant had not shown, by a preponderance of the evidence, increased permanent disability. However, the facts in *Vigil* indicate that the claimant there sought an increased permanent disability award only. No other benefits were explicitly or implicitly in issue.

If the claimant here had requested a greater permanent disability award only, *Vigil* might be instructive. However, we read no such limitation in his petition to reopen. Indeed, claimant's application for hearing and the employer's response are specifically directed at the issue of medical benefits. Thus, we conclude the denial of the petition must be set aside.

We also note that should temporary disability, vocational rehabilitation, or medical benefits be awarded, the determination of the increase in permanent disability, if any, is premature. This determination should be delayed until maximum medical improvement is reached or any vocational rehabilitation program is completed. *See Dziewior v. Michigan General Corp.,* 672 P.2d 1026 (Colo.App.1983); § 8–49–101(5), C.R.S. (1986 Repl.Vol. 3B). Dr. Harder's initial estimate of claimant's permanent disability, required by Rule X(B)(2) of the Rules of Procedure of the Workmen's Compensation Act, 7 Code Colo.Reg. 1101–3, is

not dispositive of the ultimate issue of permanent disability.

The order is set aside and the cause is remanded to the Panel for appropriate reconsideration of the petition to reopen in a manner consistent with the views expressed herein.

KELLY, C.J., and VAN CISE, J., concur.