David LOUCKS, Petitioner,

v.

SAFEWAY STORES and the Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 87CA1395.

Colorado Court of Appeals, Div. I.

May 26, 1988.

James A. May, Denver, for petitioner.

Watson, Nathan & Bremer, P.C., Douglas A. Tabor, Anne Smith Myers, Denver, for respondent Safeway Stores.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Winters, First Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

PIERCE, Judge.

David Loucks (claimant) seeks review of a final order of the Industrial Claim Appeals Office which affirmed the ruling of an Administrative Law Judge denying his petitions to reopen. We affirm the order in part, set it aside in part, and remand with directions.

Claimant originally received an eighteen percent permanent partial disability award pursuant to Safeway's admission of liability. Although claimant was aware he could not return to his job, claimant did not contest the award or seek vocational rehabilitation because he believed Safeway would provide him with light-duty employment. However, no such employment was offered claimant, and in fact, he was terminated. Claimant has not obtained other employment.

Thereafter, claimant petitioned to reopen his claim because of worsened condition. Claimant alleged that he was unable to work and sought additional medical and permanent disability benefits and/or vocational rehabilitation. The petition was granted for medical benefits only. The ALJ found that although claimant's condition had worsened somewhat, the change did not warrant vocational rehabilitation or an increased permanent disability award because claimant had been unable to work at the time of the original award. The ALJ also noted that the eighteen percent permanent partial disability rating given by claimant's physician had not changed.

■ Claimant sought review of this order; however, soon afterwards, claimant underwent additional surgery as a result of the injury. After the surgery, claimant filed a second petition to reopen because of worsened condition. In addition to the other benefits, this petition also sought tempo-

rary disability benefits for the time that he was hospitalized and recuperating. The ALJ denied this petition, again finding that claimant's employment prospects and the disability rating of his physician had not changed.

On review claimant asserts that the ALJ abused her discretion in denying vocational rehabilitation and permanent disability benefits. We disagree.

There is substantial evidence in the record that claimant could not work at the time of his permanent disability award; therefore, his continuing inability to work at the time of the petitions to reopen does not require an additional permanent disability award, or vocational rehabilitation. *See Industrial Commission v. Vigil,* 150 Colo. 356, 373 P.2d 308 (1962). Claimant's expectation that his employer would provide him with light-duty employment is an economic factor which does not justify reopening. *See Lucero v. Climax Molybdenum Co.,* 732 P.2d 642 (Colo.1987).

■ We agree, however, with claimant's argument that he is entitled to temporary disability benefits for the period during which he was totally incapacitated from the surgery. During this time, claimant was temporarily, totally disabled from pursuing even sedentary employment. Claimant should be compensated for the time the surgery precluded him from obtaining any gainful employment. *See* § 8–51–102, C.R.S. (1987 Cum.Supp.).

The order is affirmed except as to temporary disability benefits. In that respect, the cause is remanded for a determination of the period of claimant's total disability and an award of benefits therefor. Pursuant to § 8–47–101(2), C.R.S. (1987 Cum. Supp.), claimant's benefits shall be based on his wage rate at the time of his injury.

TURSI and PLANK, JJ., concur.