**WESTERN GAS PROCESSING COMPANY and National Union Fire Insurance Company, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Mark A. Wheeler (Deceased), Maureen C. Wheeler, and Director, Division of Labor, Department of Labor and Employment, Respondents.**

**No. 89CA1685.**

Colorado Court of Appeals, Div. II.

Aug. 2, 1990.

Clifton & Hemphill, P.C., Clyde E. Hook, Denver, for petitioners.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Aurora Ruiz–Hernandez, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and Director, Div. of Labor, Dept. of Labor and Employment.

Ireland, Stapleton, Pryor & Pascoe, P.C., William J. Leone, George D. Rosenberg, Denver, for respondent Maureen C. Wheeler.

Opinion by Chief Judge STERNBERG.

Petitioners seek review of a final order of the Industrial Claim Appeals Office (Panel) determining that workers' compensation death benefits awarded to the two daughters of decedent, Mark A. Wheeler, would continue beyond the age of eighteen so long as the children were full-time students at an accredited school. We affirm.

At the time of the work-related injury, both children were under the age of eighteen and thus, under § 8–50–101(1)(b), C.R.S. (1986 Repl.Vol. 6B), were presumed wholly dependent on the deceased. At the time of the award, Maureen C. Wheeler, the children's mother, requested that the order provide for a possible extension of dependent benefits. She requested that, if either child should engage in courses of study as a full-time student at an accredited school during the time the child was between age eighteen and twenty-one, that dependent benefits continue for that period. The Panel agreed and concluded that under the applicable statutory provisions, the children were entitled to the requested benefits.

Petitioners assert that, under § 8–50–106, C.R.S. (1986 Repl.Vol. 6B), the benefits awarded to these children unequivocally terminate at age eighteen. Since a dependent's status is fixed as of the date of injury regardless of any subsequent changes in conditions, *see* § 8–50–105, C.R.S. (1986 Repl.Vol. 3B), they argue that a dependent, as here, who initially qualifies for benefits under § 8–50–101(1)(b) may not later, upon reaching the age of eighteen, requalify for continued benefits under a different statutory provision, *i.e.,* § 8–50–101(1)(c), C.R.S. (1986 Repl.Vol. 6B).

Sections 8–50–101(1)(b) and 8–50–101(1)(c) provide, in pertinent part, that the following persons shall be presumed to be wholly dependent under the workers' compensation act:

"(b) Minor children of the deceased under the age of eighteen years, including posthumous or legally adopted children;

"(c) Minor children of the deceased over the age of eighteen years and under the age of twenty-one years if it is shown that at the time of decedent's death they were actually dependent upon the deceased for support and engaged in courses of study as full-time students at any accredited school."

Section 8–50–106 provides for the termination of benefits for full dependents upon the happening of the following events:

"Upon the death of any dependent; when a child or brother or sister of the deceased reaches the age of eighteen years, *except as otherwise provided in sections 8–50–101(1)(b) and (1)(c)* and 8–50–102...." (emphasis added)

A statute should be construed in a manner that gives effect to the legislative purpose underlying its enactment. *Allee v. Contractors, Inc.,* 783 P.2d 273 (Colo.1989). It is to be construed as a whole to give a consistent, harmonious, and sensible effect to all its parts. *Martinez v. Continental Enterprises,* 730 P.2d 308 (Colo.1986).

Furthermore, in construing a statute, we must consider the ends the statute is designed to accomplish, *see Redin v. Empire Oldsmobile, Inc.,* 746 P.2d 52 (Colo.App. 1987), and should consider the results of an

urged construction. *People in Interest of K.M.J.*, 698 P.2d 1380 (Colo.App.1984).

We agree with the Panel that the General Assembly did not intend to provide that the children of a deceased worker are entitled to continued death benefits as full-time students only if they are eighteen years old at the time of the worker's death, or conversely, that they are not entitled to these benefits if they are under the age of eighteen at the time. This conclusion is consistent with the plain language of § 8–50–106 which expressly provides for the exceptions as provided in §§ 8–50–101(1)(b) or 8–50–101(1)(c). This interpretation also furthers the purpose of the Workers' Compensation Act, which is to relieve the adverse economic effects caused by work-related injuries. *See Allee v. Contractors, Inc., supra.*

Under petitioners' proposed construction, a dependent child who was not quite eighteen at the time of death would receive benefits only for the brief time until his or her eighteenth birthday and not thereafter, while an identically situated child who is eighteen and a full-time student at an accredited school at the time of death would receive benefits until age twenty-one. In our view, such an incongruous result could not have been intended by the General Assembly.

We also agree with the Panel that the issue of benefits was properly raised by the dependents at this time, since the order being reviewed was a final order from which review could be sought. *See* § 8–53–111(1.1), C.R.S. (1989 Cum.Supp.); *cf. Natkin & Co. v. Eubanks*, 775 P.2d 88 (Colo.App.1989).

Order affirmed.

HUME and RULAND, JJ., concur.