Melisa WARD, Randall Ward, II, and Matthew Ward, Petitioners,

v.

Audrey M. WARD, Apex Heating and Air Conditioning, Colorado Compensation Insurance Authority, and The Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 95CA1423.

Colorado Court of Appeals, Div. V.

March 7, 1996.

Rehearing Denied May 2, 1996.

Certiorari Denied Dec. 16, 1996.

Hall & Evans, L.L.C., Patricia J. Clisham, Barbara S. Heckler, Denver, for Petitioners.

DiGiacomo & Jaggers, David R. DiGiacomo, Gerald H. Jaggers, Douglas J. Perko, Arvada, for Respondent Audrey M. Ward.

Carolyn A. Boyd, Denver, for Respondents Apex Heating and Air Conditioning and Colorado Compensation Insurance Authority.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge ROTHENBERG.

The issue in this workers' compensation case is whether a change in the economic condition of a deceased worker's dependents is a sufficient basis for reopening an award apportioning death benefits among the dependents. We hold that it is not and, therefore, affirm the order of the Industrial Claim Appeals Office.

Randall D. Ward (decedent) was killed as a result of an industrial injury. His surviving spouse, Audrey Mae Ward (widow), was awarded 50% of the death benefits. The remainder was shared among petitioners, Melissa Ward, Randall Ward II, and Matthew Ward, the decedent's dependent children by a previous marriage and the widow's stepchildren.

The apportionment was based on the widow's lack of income from other sources, and the children's failure to present any evidence as to their dependency. In *Ward v. Ward,* (Colo.App. No. 94CA1924, April 6, 1995) (not selected for official publication), a division of this court reviewed the Panel's affirmance of that decision and concluded that the Administrative Law Judge (ALJ) did not abuse his discretion in apportioning the death benefits in that manner.

During the pendency of that appeal, the children filed a petition, pursuant to § 8–43–303(1), C.R.S. (1995 Cum.Supp.), to reopen the apportionment, alleging a change in condition. A hearing was held before another ALJ, who found that: (1) the widow was receiving child support for her children from a marriage before her marriage to decedent; (2) she had worked for three months and had acquired a roommate with whom she could share expenses; (3) Melisa had lost financial aid for college; (4) Matthew needed dental work; and (5) Randall needed coaching in order to secure a college scholarship.

Concluding that there had been a change of economic conditions, the second ALJ granted the children's petition to reopen and reapportioned the death benefits equally among the four dependents.

The Panel reversed. It acknowledged there was no Colorado law discussing a change in condition in the context of death benefits. Nevertheless, the Panel determined that for purposes of the reopening statute, a change in condition does not include a change in economic conditions of a death benefit recipient.

■ The children contend that a change in their economic condition is a sufficient basis for a reopening and reapportionment of the award of death benefits. We disagree.

■ As a threshold matter, we address and reject respondents' contention that the second ALJ lacked jurisdiction to consider the petition to reopen because the first ALJ's order was on appeal to this court. *See* § 8–43–301(12), C.R.S. (1995 Cum.Supp.) (if a petition to review is filed, a hearing may be held and orders entered on any other issue in the case during the pendency of the petition to review).

■ Turning to the substantive issue, we look first to the reopening statute itself. With exceptions inapplicable here, § 8–43–303(1) provides that awards may be reopened "on the ground of an error, mistake, or *a change in condition.*" (emphasis added) The purpose of the last ground for reopening is to allow for equitable adjustments to awards of benefits if conditions change over time. *Mascitelli v. Giuliano & Sons Coal Co.,* 157 Colo. 240, 402 P.2d 192 (1965).

Later cases have interpreted "change in condition" only in the context of reopening awards to recalculate disability benefits. In that context, "change in condition" has been construed to mean a change in the *physical* condition of an injured worker. Injured workers have been denied a reopening based on a change in their economic condition. *See Lucero v. Climax Molybdenum Co.,* 732 P.2d 642 (Colo.1987); *Loucks v. Safeway Stores,* 757 P.2d 639 (Colo.App.1988); *George v. Industrial Commission,* 720 P.2d 624 (Colo. App.1986).

Obviously, when an injured worker dies, the Workers' Compensation Act is no longer concerned with changes in the worker's physical condition. And, at that point, disability benefits awarded to the injured worker generally are replaced, when appropriate, by death benefits payable to the decedent's dependents. *See* § 8–42–114, C.R.S. (1995 Cum.Supp.).

Section 8–41–503 (1), C.R.S. (1995 Cum. Supp.) defines dependency for purposes of awarding death benefits, stating, in pertinent part that:

Dependents and the extent of their dependency shall be determined as of the date of the injury to the injured employee, *and the right to death benefits shall become fixed as of said date irrespective of any subsequent change in conditions* except as provided in section 8–41–501(1)(c). (emphasis added)

The noted exception, § 8–41–501(1)(c), permits the termination of benefits for children between the ages of 18 and 21 who drop out of college, or the continuation of benefits for

children who turn 18 and enroll in college. *See Western Gas Processing Co. v. Industrial Claim Appeals Office,* 797 P.2d 823 (Colo. App.1990). Otherwise, the only statutorily cognizable reasons for altering the right to death benefits are remarriage of the widow or widower, attainment of majority by a dependent, or death of a dependent. Section 8–42–120, C.R.S. (1995 Cum.Supp.).

The words "irrespective of any subsequent change in conditions" in § 8–41–503(1) have been interpreted in the predecessors of this statute to fix dependency status and the amount of benefits at the time of death, not at the time of injury. *See McBride v. Industrial Commission,* 97 Colo. 166, 49 P.2d 386 (1935) (post-injury spouse and children qualified for death benefits); *Richards v. Richards & Richards,* 664 P.2d 254 (Colo.App. 1983) (amount of death benefits should be calculated as of the date of death, not injury).

■ In construing a statute, our central purpose is to ascertain and give effect to the intent of the General Assembly. A statute must be read and considered as a whole and should be interpreted so as to give consistent, harmonious, and sensible effect to all its parts. *McCarty v. People,* 874 P.2d 394 (Colo.1994).

If the words "irrespective of any subsequent change in conditions" in § 8–41–503(1) are not to be rendered meaningless, they must be taken as evidence of the General Assembly's intent that death benefit awards, once fixed, should not be reopened because of later changes in a beneficiary's economic condition.

Such an interpretation comports with existing case law in which a "change in condition" in disability cases is limited to changes in the physical condition of the injured worker. *See Lucero v. Climax Molybdenum Co., supra; Loucks v. Safeway Stores, supra; George v. Industrial Commission, supra.*

Further, it serves the Act's policy of providing dependents with a reliable source of income by limiting the reapportionment of death benefits. *Wilson v. Jim Snyder Drilling,* 747 P.2d 647 (Colo.1987). To begin planning a future without the decedent, dependents require and deserve some certainty in their benefits. The reapportionment of benefits contingent on ever-changing conditions, and the potentiality of future litigation, would interfere with that certainty.

Accordingly, the order of the Panel is affirmed.

STERNBERG, C.J. and CASEBOLT, J. concur.