**Thomas G. RICHARDS, Petitioner,**

**v.**

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, Coca–Cola Bottling Corporation, and Colorado Compensation Insurance Authority, Respondents.**

No. 99CA0593.

Colorado Court of Appeals, Div. II.

Jan. 20, 2000.

Alexander & Ricci, L.L.C., William A. Alexander, Jr., Colorado Springs, Colorado, for Petitioner.

Ken Salazar, Attorney General, Mark W. Gerganoff, Assistant Attorney General, Denver, Colorado, for Respondent the Industrial Claim Appeals Office.

Colorado Compensation Insurance Authority, Curt Kriksciun, Denver, Colorado, for Respondents Coca–Cola Bottling Corporation and Colorado Compensation Insurance Authority.

Opinion by Judge MARQUEZ.

The sole issue on appeal is whether a workers' compensation case may be reopened for the purpose of obtaining additional TTD benefits based on a temporary change in medications resulting in increased pain when the claimant otherwise remains at maximum medical improvement (MMI). Under the circumstances here, we conclude that it may not. We therefore affirm the order of the Industrial Claim Appeals Office (Panel) denying the request of Thomas G. Richards (claimant) to reopen his claim against his employer, Coca–Cola Bottling Corporation, and its insurer, Colorado Compensation Insurance Authority (collectively CCIA).

The facts are undisputed. Claimant suffered an admitted back injury in 1991, and attained MMI in 1993. In 1995, the Administrative Law Judge (ALJ) awarded permanent partial disability (PPD) benefits based on a 29% whole person impairment rating. Continuing medical benefits were also awarded to maintain MMI. The claim was then closed.

In 1998, claimant filed a petition to reopen his claim, alleging that his medical condition had worsened. The petition was supported by the treating physician's report stating that claimant's medication was changed in 1996 from one narcotic to a non-controlled narcotic in an effort to prevent any dependence on the first narcotic. Although initially the second narcotic provided pain relief, claimant eventually reported that it lost its analgesic effect. A third narcotic was therefore prescribed.

Claimant argued that his condition worsened from November 1996 to July 1997, while he was taking the second narcotic. The treating physician agreed that claimant's clinical condition deteriorated during that time, but testified that claimant remained at MMI and that the treatment provided was merely maintenance medical care. Finding that claimant's underlying back condition had not worsened and that he remained at MMI, the ALJ denied the petition to reopen. The Panel affirmed.

Claimant contends that in order to reopen a claim on the basis of a change of condition, he should not be required to prove that he is no longer at MMI. We disagree if, as here, only additional temporary total disability (TTD) benefits are sought.

Section 8–43–303(1), C.R.S.1999, provides that an award may be reopened on the ground of, *inter alia,* change in condition. *See Ward v. Ward,* 928 P.2d 739 (Colo.App. 1996) (noting that change in condition has been construed to mean a change in the physical condition of an injured worker). Reopening is appropriate when the degree of permanent disability has changed, or when additional medical or temporary disability benefits are warranted. *Dorman v. B & W Construction Co.,* 765 P.2d 1033 (Colo.App. 1988). Claimant has the burden of proving these requirements, *see Osborne v. Industrial Commission,* 725 P.2d 63 (Colo.App.1986), and in the absence of fraud or clear abuse of discretion, the ALJ's decision to reopen a claim is binding. *Wilson v. Jim Snyder Drilling,* 747 P.2d 647 (Colo.1987).

As a preliminary matter, we note that here, claimant requested a reopening to obtain additional temporary total disability (TTD) benefits. He specifically stated at the hearing that he was not requesting additional medical benefits since continuing medical benefits were already ordered and were being paid. Thus, to the extent claimant now argues on appeal that the petition to reopen should have been granted because further medical benefits were warranted, we decline to address that contention. *See Apache Corp. v. ICAO,* 717 P.2d 1000 (Ct.App.1986) (arguments not presented, considered, or ruled upon below may not be raised for the first time on appeal).

However, claimant notes that the reopening provision, at § 8–43–303(1), refers to "a change in condition," and does not specify that a claimant's MMI status must be changed. Claimant further notes that when the first narcotic was discontinued, his condition worsened and he therefore was no longer at MMI as a matter of law because further medical care (the recommencement of an effective narcotic) was expected to, and did, improve his condition. *See* § 8–40–201(11.5), C.R.S.1999 (defining MMI as the point in time when any medically determinable physical or mental impairment as a result of injury has become stable and when no further treatment is reasonably expected to improve the condition).

Here, the ALJ found, with record support, that claimant's condition remained the same, or alternatively, that his underlying condition did not worsen. Further, claimant wanted to reopen only to obtain TTD benefits. However, TTD benefits cease once a claimant reaches MMI. *Culver v. Ace Electric,* 971 P.2d 641 (Colo.1999). Because the ALJ also found, based on substantial evidence, that claimant has remained at MMI since 1993, an award of TTD benefits could not be made, and therefore there was no basis for reopening.

Reopening a case is not warranted if, once reopened, no additional benefits may be awarded. *See Industrial Commission v. Vigil,* 150 Colo. 356, 373 P.2d 308 (1962) (where claimant sought to reopen to obtain additional PPD benefits, the petition was denied because the claimant had not shown increased permanent disability); *Brickell v. Business Machines, Inc.,* 817 P.2d 536 (Colo. App.1990) (reopening is appropriate if additional benefits are warranted); *Dorman v. B & W Construction Co., supra* (while the reopening statute permits the reopening of an award if a worker's physical condition has worsened, a reopening is warranted only if additional benefits may be awarded).

Under these circumstances, claimant's petition to reopen was properly denied.

The order of the Panel is affirmed.

Judge RULAND and Judge CRISWELL *, concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3),