24CA0861 Singh v ICAO 12-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0861
Industrial Claim Appeals Office of the State of Colorado
WC No. 5-101-459-010

Amritpal Singh,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado; MKBS, LLC, d/b/a/
Metro Taxi; and Pinnacol Assurance,

Respondents.

ORDER AFFIRMED

Division VII
Opinion by JUDGE SCHUTZ
Tow and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

Amritpal Singh, Pro Se

No Appearance for Respondent Industrial Claim Appeals Office

Harvey D. Flewelling, Denver, Colorado, for Respondents MKBS, LLC d/b/a/
Metro Taxi and Pinnacol Assurance

¶ 1    In this workers' compensation action, claimant, Amritpal Singh, seeks review of a final order of the Industrial Claim Appeals Office (Panel) affirming the decision of an administrative law judge (ALJ) denying his request to reopen his claim.  We affirm the Panel's order.

## I.    Background

¶ 2    Because a division of this court already thoroughly reviewed and set forth the history of this case in a prior opinion, *Singh v. Indus. Claim Appeals Off.*, slip op. at 1-14 (Colo. App. No. 21CA0933, June 30, 2022) (not published pursuant to C.A.R. 35(e)), we repeat only the facts and procedural history relevant to Singh's current appeal.

¶ 3    In March 2019, Singh was working as a taxi driver for MKBS LLC, doing business as Metro Taxi (we refer to Metro Taxi and its insurer, Pinnacol Assurance, together as "employer"), when he suffered an admitted work injury in a car accident.  After the accident, an emergency room physician diagnosed him with neck muscle strain but observed no other signs of serious injury.  Singh received treatment for his injury and temporary total disability (TTD) benefits until June 25, 2019, when his authorized treating

physician (ATP) released him to return to work with no restrictions. In October 2019, his ATP concluded that he had reached maximum medical improvement (MMI).

¶ 4     Singh filed an application for hearing (AFH) on the issue of continued TTD benefits. In November 2019, an ALJ entered an order finding that once the ATP released Singh to full work duty, his TTD benefits ceased under section 8-42-105(3)(c), C.R.S. 2024 (providing that TTD benefits continue until an ATP releases an employee to return to regular employment). The ALJ therefore denied and dismissed all TTD benefits after June 25, 2019. Singh continued to receive both medical and psychiatric treatment for several months, with his ATP reporting that Singh had "subjective complaints that outweighed the objective findings."

¶ 5     In March 2020, Singh underwent a division-sponsored independent medical exam (DIME). Reviewing Singh's medical history, the DIME physician learned that Singh also had at least four other car accidents reported in his medical records, including a high-speed, head-on collision in 2007 for which Singh received extensive treatment. The DIME physician observed that many of the physical conditions Singh described after the 2019 injury were

pre-existing. But she concluded that his condition from the prior accidents had resolved before the 2019 accident. Although the DIME physician determined that Singh only suffered a neck strain in the latest accident, she assigned him a 12% permanent physical impairment rating in addition to a 5% mental impairment rating. The employer applied for a hearing to challenge the DIME's impairment findings.

¶ 6 On December 8, 2020, an ALJ concluded that the employer overcame the DIME opinion and that Singh sustained no physical or medical permanent impairment from the 2019 accident. In June 2021, the Panel affirmed that order, and Singh appealed to this court. A division of this court affirmed the Panel's order in an unpublished opinion on June 30, 2022. Singh then filed a petition for writ of certiorari to the Colorado Supreme Court, which was denied.

¶ 7 On March 15, 2023, Singh filed an AFH to address multiple issues including medical and TTD benefits, as well as impairment and permanent disability. The employer moved to strike the hearing because the issues were closed as a matter of law. On April

11, an ALJ issued an order eliminating all issues except disfigurement and penalties.

¶ 8    A hearing was held on July 18, 2023. The ALJ determined that Singh failed to identify any penalty or disfigurement. Singh did not appeal that order, but filed another AFH reasserting the previous issues and adding "petition to reopen" as an issue for hearing. After a November 2023 hearing on the issue of reopening, at which Singh testified, an ALJ determined that Singh failed to prove an error, mistake, or change of condition that would warrant reopening his claim. Therefore, the ALJ denied and dismissed Singh's petition to reopen. Singh appealed the order to the Panel, which affirmed. Singh now appeals the Panel's order.

## II.    Discussion

### A.    Issues on Appeal

¶ 9    In Singh's opening brief, he expresses dissatisfaction with the overall conclusion that he is not permanently disabled. He asserts he is badly injured, both mentally and physically, and should receive benefits for life. In its answer brief, employer describes the sole issue on appeal as "whether substantial evidence supports the ALJ's findings that Singh is not entitled to reopen his claim." In

4

Singh's lengthy reply brief, he attempts to explain his medical history and disagreements with prior administrative and judicial decisions addressing his various claims.

## B.     Standard of Review

¶ 10     As relevant here, we may only set aside the Panel's order if "the findings of fact are not supported by the evidence" or the "denial of benefits is not supported by applicable law." § 8-43-308, C.R.S. 2024.

## III.     Analysis

¶ 11     At the outset, we note that many of the issues Singh asserts in this appeal are duplicative of ones he made to the prior division that entered the 2022 opinion. To the extent that division has already rejected those arguments, we consider those issues to be the law of the case. *See Youngs v. Indus. Claim Appeals Off.*, 2012 COA 85M, ¶ 49 ("Once an issue has been raised and decided, it becomes the law of the case.").

¶ 12     For example, the prior division already concluded that substantial evidence supported the ALJ's determination that the DIME's permanent impairment finding was overcome and that Singh was not permanently disabled. The division also addressed

Singh's contentions that he could not work, and held that his allegations lacked record support and were belied by his medical records. The division considered Singh's argument that he was not at MMI, determining that substantial record evidence established that he reached MMI by October 2019. Because he was returned to full work duty in June 2019, his TTD benefits ceased as of that date by operation of statute. Finally, the division held that Singh was not entitled to maintenance medical benefits because he had not shown that any post-MMI treatment was reasonably necessary to relieve him from the effects of the 2019 accident. We perceive no reason to revisit those issues. *Young*, ¶ 49.

¶ 13    The only new issue presented in this appeal is whether the ALJ or Panel erred by denying and dismissing Singh's petition to reopen his worker's compensation claim.

¶ 14    At any time within six years of the date of injury, an ALJ may reopen an award on the grounds of fraud, overpayment, error, mistake, or change in condition. § 8-43-303(1) C.R.S. 2024. Reopening is appropriate if the claimant proves that additional medical treatment or disability benefits are warranted. *Richards v. Indus. Claim Appeals Off.*, 996 P.2d 756, 758 (Colo. App. 2000).

The determination of whether a claimant has sustained his burden of proof to reopen a claim is left to the sound discretion of the ALJ. *Berg v. Indus. Claim Appeals Off.*, 128 P.3d 270, 272 (Colo. App. 2005). An ALJ's decision to grant or deny a petition to reopen may therefore "be reversed only for fraud or clear abuse of discretion." *Wilson v. Jim Snyder Drilling*, 747 P.2d 647, 651 (Colo. 1987).

¶ 15 Singh did not provide a transcript of the November 2023 hearing. Accordingly, we must assume that the ALJ's factual findings are supported by substantial evidence in the record.[1] *Nova v. Indus. Claim Appeals Off.*, 754 P2d 800, 801 (Colo. App. 1988).

¶ 16 The reopening authority granted ALJs by section 8-43-303 "is permissive, and whether to reopen a prior award when the statutory criteria have been met is left to the sound discretion of the ALJ." *Cordova v. Indus. Claim Appeals Off.*, 55 P.3d 186, 189 (Colo. App. 2002). The party seeking reopening bears "the burden of proof as to any issues sought to be reopened." § 8-43-303(4). In the

---

[1] We also note that the ALJ's lengthy and detailed order points to several comprehensive reports that he credited, which illustrate there is evidence in the record to support his findings. § 8-43-308, C.R.S. 2024; *Paint Connection Plus v. Indus. Claim Appeals Off.*, 240 P.3d 429, 431 (Colo. App. 2010) ("When an ALJ's findings of fact are supported by substantial evidence, we are bound by them.").

absence of fraud or clear abuse of discretion, the ALJ's decision concerning reopening is binding on appeal. *Jarosinski v. Indus. Claim Appeals Off.*, 62 P.3d 1082, 1084 (Colo. App. 2002). An abuse of discretion occurs when the ALJ's order is beyond the bounds of reason, as where it is unsupported by the evidence or contrary to law. *Id.*

¶ 17    In Singh's appeal to this court, he makes numerous arguments that were previously made and rejected, including that he is permanently disabled and cannot work. For instance, he asserts he has a "very strong claim" that the ALJ ignored evidence that he had a brain injury. He takes issue with the ALJ's determination that the 2019 accident was a "low speed collision" and that his injuries have resolved. None of these arguments explain why his case should be reopened based on the limited statutory grounds available for reopening a case. Rather, Singh is merely attempting to relitigate issues that have already been fully and finally resolved.

¶ 18    Singh's remaining arguments in this appeal, (for instance, that he should be awarded benefits for life or that prior decisions were tainted by fraud) are conclusory, and we decline to address them.

*See Sanchez v. Indus. Claim Appeals Off.*, 2017 COA 71, ¶ 62 (declining to address the claimant's argument because he offered nothing more than one or two conclusory sentences, with no citations to legal authority in support of the argument); *Castillo v. Koppes-Conway*, 148 P.3d 289, 291 (Colo. App. 2006) (a party who does not refer to evidence or authority in support of an argument does not present a cogent argument for review).

## IV. Disposition

¶ 19 The Panel's order is affirmed.

JUDGE TOW and JUDGE PAWAR concur.