Forman *v.* Executors of Edmund Brewer.

*For affirmance*—None.

HENRY C. FORMAN, complainant,

*v.*

THE EXECUTORS OF EDMUND BREWER et al., defendants and respondents.

[Filed March 4th, 1901.]

1. When a claim is submitted to the jurisdiction of a court for determination, the common statute of limitations, and the analogous bars and presumptions in equity and at law, are regarded, for all purposes of the pending litigation, as having ceased to operate against the claim, so that, if it be not then barred, the subsequent lapse of time will not defeat it.

2. Between parties holding claims equally equitable, he who has also· the legal title must prevail, when required to defend his rights in a court of equity.

On appeals of Reeve's executors and of Horner's administrators· from a decree dated May 25th, 1900, advised by Vice-Chancellor· Pitney. No opinion.

*Mr. Herbert A. Drake,* for the appellants.

*Mr. Samuel H. Grey,* for the respondents.

The opinion of the court was delivered by

Dixon, J.

The decree in this case, from which Reeve's executors and· Horner's administrators appeal, rests in part upon the proposition that the judgment recovered January 19th, 1872, by Thomas J. Smith against Henry C. Forman, which was assigned· to Reeve on May 19th, 1888, and the judgment recovered by Horner against Henry C. Forman on June 3d, 1873, are to be· considered as outlawed in this proceeding, because Reeve· and· Horner filed their answers and cross-bills in the cause after the expiration of twenty years from the date of their judgments.. This proposition is unsound.

The original bill was filed in April, 1889, by Henry C. Forman, to have it decreed that a certain tract of land, the legal title· of which had been conveyed by him to Bulson on December 14th, 1871, and had always since that date been out of Forman, was in· equity Forman's property, and that those who had held the legal title were only mortgagees or trustees. This bill set forth the· above judgments, brought in Reeve and Horner as defendants, and prayed, *inter alia,* that their interest in the premises as· judgment creditors might be determined by the court. By the· final decree made May 25th, 1900, the complainant is regarded as equitable owner of the land and held to be entitled to redeem· the same from the encumbrances thereon, and in default of his so doing within the time limited, the land is ordered to be sold·

to raise and satisfy the sums due thereon, and the residue of the proceeds of sale is ordered to be paid to the complainant.

In this situation it is manifest that the allegations of the bill alone are sufficient to establish the equitable lien of the judgments on the complainant's estate in the land, and to require the court to determine whether they shall be paid out of the proceeds of sale before the residue is turned over to the complainant. Neither answer nor cross-bill was necessary to complete the jurisdiction of the court over the matter thus presented, and when by service of process the judgment creditors were brought in, their *status* in the cause was so far fixed that the mere lapse of time afterwards could not impair their claims in that suit. The common statute of limitations, and the analogous bars and presumptions in equity and at law, are regarded, for all purposes of the pending litigation, as having ceased to operate against a claim from the time when it was submitted to the jurisdiction of the court. *Gregory* v. *Hurrill, 3 Brod. & B. 212; S. C., 1 Bing. 324; Sterndale* v. *Hankinson, 1 Sim. 393; National Bank* v. *Sprague, 6 C. E. Gr. 530; Kirkpatrick* v. *McElroy, 14 Stew. Eq. 539; Smith* v. *Crater, 16 Stew. Eq. 636.*

· These judgments, therefore, must have such effect as they were entitled to at the commencement of the suit.

The principal defendant in the bill was Edmund Brewer, who had held legal title to the land since May 10th, 1879, by deed from Bulson, and had also received a conveyance from Forman in December, 1873. In equity Brewer held his title as security for his advances to and on account of Forman.

The appellants contend that their judgments should be decreed to have been liens upon the land from the dates thereof, and should have priority over all advances made by Brewer after those dates, except advances made to discharge prior encumbrances. This contention might prevail if the legal title to the land had been in Forman, so that the judgments against him constituted a legal lien. But as Forman has never had legal title since the judgments were entered, the appellants must rest solely on their equitable claims, and we think that the relations of Forman and Brewer were such as to make the latter's claim for his advances as good in equity as those of the judgment credi-

Chesapeake & Ohio Ry. Co. *v.* Atlantic Trans. Co.

tors, in view of their knowledge and acquiescence in the situation. Hence the legal title vested in Brewer should not be taken away without conceding to him whatever protection it may afford for the payment of his just debts.

As to the Smith judgment of January 19th, 1872, the evidence shows that Forman, the judgment debtor, agreed with the judgment creditor to settle it for $50, and then asked Reeve to pay that sum and take an assignment of it. Reeve did so on May 19th, 1888. It should therefore be held by his executors for that sum only, with interest. There is no evidence that this claim was ever paid by Brewer.

The decree below should be modified in favor of the appellants by deducting from Brewer's judgment, maintained as the second lien, the sum of $50 and interest; by adding to the Reeve judgment, maintained as the third lien, the sum of $50 and interest from May 19th, 1888, and by substituting as the fifth lien the whole amount of the Horner judgment, being $1,304 and interest from June 3d, 1873.

*For reversal*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, GARRETSON, HENDRICKSON, KRUEGER, ADAMS, VREDENBURGH—10.

*For affirmance*—None.