[No. 7668.]

· KINGSLEY v. CLARK.

1. PRACTICE—*Construction of the Code.* The provisions of the code should receive a construction in harmony with the manifest intent of the legislature, and one which will promote the convenience of parties to causes, and the courts, in the disposition thereof.

2. STATUTE OF LIMITATIONS—*Action Pending.* By the filing of a complaint the court acquires jurisdiction of the subject matter of the cause therein set forth. Where the original summons is returned not found as to one or more of the defendants, and judgment given·against

others who are served, the action is still a depending cause as to the defendants not served, and is continued from term to term, by operation of law, though no formal order of continuance is made. Alias summons may be issued at any time; and service upon them even after the lapse of many terms gives jurisdiction of the person of the defendants so served.   (355, 356)

3. SUMMONS—*Alias*, may properly issue as to defendant named in the complaint, after the lapse of many terms subsequent to the institution of the cause, even though no formal order of continuance has been made in the meantime, and though judgment has been rendered as to other defendants, and affirmed on appeal.   (356)

The cause is continued from term to term, by operation of law, until, in some manner, final judgment is rendered.   (Rev. Code § 43.) (356)

*Error   to   Mesa   District   Court.*—Hon. SPRIGG SHACKLEFORD, Judge.

Messrs. WHEELER & WEISER, for plaintiff in error.

Messrs. TOLLES & COBBEY, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

In July, 1902, the plaintiff, defendant in error here, on behalf of himself and other like creditors of the Colorado State Bank of Grand Junction, brought this action in the District Court of Mesa county, against numerous stockholders, among them the plaintiff in error here, defendant below, to recover judgment for double the amount of the par value of the several shares of stock owned by each of them in that bank, pursuant to statutory provision, the bank having become insolvent and having made an assignment in January, 1901. The return to the summons issued upon the complaint filed therein showed that this defendant could not be found in the county. At divers times thereafter four other summonses were issued, the last being returned into court on the 31st of January, 1903, none of which had any return as to plaintiff in error. On March 14th,

1903, judgment was rendered against all defendants served, which recited that certain of the defendants, among them plaintiff in error, "were non-residents of the State of Colorado and beyond the jurisdiction of this Court." No continuance was asked as against the remaining defendants, and the case was dropped from the trial calendar. The judgment in that cause was brought to this court and affirmed.—*Adams v. Clark*, 36 Colo. 65, 85 Pac. 642.

On the 13th of April, 1909, plaintiff in error was served within this state with what purported to be an alias summons, together with a copy of the complaint filed in the proceedings nearly seven years previous. His counsel appearing specially filed a motion to quash the so-called alias summons, for the reason that it was issued without authority and is a nullity, which was overruled. On the 29th of June, 1909, a plea in abatement was filed, setting up reasons in support thereof substantially to the effect that at the time of rendition of judgment against the other defendants no order of continuance of the cause for the purpose of obtaining service on this defendant, or for any purpose, was asked or allowed, and no such order has ever been made; and that the court therefore had no jurisdiction over the person of defendant. This plea was met by the objection, which was sustained, that it was not a recognized pleading under the code procedure and laws of this state. Then by answer the same plea in substance was formally set up, and also the six year statute of limitations. A general demurrer was sustained to the answer, excepting as to the statute of limitations. Plaintiff in error elected to stand upon the allegations of his answer in abatement, and plaintiff traversed the averments of the plea of the statute of limitations. Upon trial to the court a judgment for $1,000 and costs was rendered in favor of the plaintiff, which the defendant brings here for review.

The contention that the six year statute of limitations applies is untenable. It provides that the action

"shall be commenced within six years next after the cause of action shall accrue and not afterwards." Section 4061, R. S. 1908. section 32, Mills' Ann. Code, provides that "Civil actions shall be commenced by the filing of a complaint with the clerk of the court in which the action is brought, or by the service of a summons." The record shows that this cause of action accrued in January, 1901, and that less than two years thereafter a complaint was filed and summons issued naming plaintiff in error as a defendant, which clearly was the commencement of the action. In this connection it is argued that, even if this be true, the statute nevertheless ran against the judical process, and the alias summons not having been served within six years after the action accrued, it was at most the commencement of an action as against the defendant after the statute had run. The running of the statute was arrested by the commencement of the suit, and nothing is shown to have occurred since which revived it; its force was spent and it could not be made available against this cause of action.— *Chicago & Northwestern Ry. Co. v. Jenkins,* 103 Ill. 588; *Nevitt v. Woodburn,* 160 Ill. 203, 212, 43 N. E. 385, 52 Am. St. 315; and *Forman v. Brewer,* 62 N. J. Eq. 748, 48 Atl. 1012, 90 Am. St. 475. By its plain provisions the statute of limitations was designed to accomplish but one thing, that of compelling parties to avail themselves of the ordinary means provided for asserting their legal rights in a court of justice within a specified time. To extend it to a situation such as is here presented would plainly be to add something to its provisions, which may not be done by judicial decision, that being solely a legislative function. Certainly the court acquired jurisdiction of the subject matter of the controversy upon the filing of the complaint, and this it retained for the purpose of bringing in all unserved defendants at any time thereafter, and until the whole matter was disposed of either by final judgment or otherwise. This is made clear by the provision of section 39,

Mills' Ann. Code, which reads: "An alias or pluries summons may be issued and served in like manner as the original at any time." The cause, so far as it concerned the defendant, had been instituted and was pending for the purpose of service upon him at the time the alias summons issued under and by virtue of this provision, and he was thereby properly brought under the jurisdiction of the court. The issuance of the alias summons was connected with, and related back to the original process, and was a mere continuance of the action as originally begun.

Argument is further directed against the failure of plaintiff to ask that the cause be continued from term to term for the purpose of service on the defendant, which, it is claimed, effected a discontinuance of it. There is nothing in the record showing that the cause was at any time formally discontinued. The mere failure to ask such continuance would not divest the court of jurisdiction of the subject matter when once acquired. The cause was not tried or otherwise disposed of, as to this defendant, during the term in which it was begun, and it therefore stood continued as of course. 9 Cyc. 82, 149. When the action was properly commenced it continued, in the absence of an order of the court to the contrary, for the purpose of acquiring jurisdiction of the person of defendant, notwithstanding there was no formal continuance for such purpose. While it would no doubt have been better practice to have asked for such orders from term to term, failure to do so did not work a discontinuance of the cause. This must be so in view of our code provision allowing an alias or pluries summons to issue at any time, the same as an original. The express purpose of the provision is to allow issuance of an alias or pluries summons whenever service is possible, to the end that the cause be put to issue and the controversy determined.

The cases cited by counsel for plaintiff in error upon these propositions, indicating a different rule, rest either upon the common law, or upon code provisions to-

tally different from our own, and it is therefore unnecessary to discuss or consider them, as they have no application here. The question is solely one of practice, depending on the construction of our code provisions, and, as was stated in substance in *Fisk v. Henarie*, 15 Ore. 89, 13 Pac. 760, such a construction should be adopted as is plainly in harmony with the legislative intent, and such as shall be convenient for the parties in presenting their causes and for the courts in disposing of them. Our code specifically provides for a liberal construction of its provisions for the purpose of doing justice. To permit a defendant, whom a plaintiff has not been able to bring into court, although his action has been properly begun, to evade liability on technical grounds, would certainly not be a liberal construction of these provisions to the end that justice be done, but rather an arbitrary one with the result that a party is permitted, without trial on the merits, to escape altogether.

The record discloses facts which preclude an application of the doctrine of laches, which counsel for plaintiff in error strenuously urge. Under circumstances such as are here presented the matter of time is not controlling. It may be that under some state of facts a comparatively short time would be sufficient to invoke the rule, while in another instance a considerably longer period would not be sufficient to make it applicable. The record shows that at the time of the service of summons on the other defendants, Kingsley could not be found within the county; that at the time judgment was rendered against those served, he was a non-resident of the state; and that he continued a non-resident up to the time of service of the alias summons, which was effected at the first opportunity. The plaintiff acted with all possible diligence in asserting and maintaining his right, and there is no ground upon which to predicate the plea of laches.

*The judgment is affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE SCOTT concur.