Opinion by
Mr. Justice Sutton.
Plaintiffs in error seek review of a judgment of the district court which reversed findings and award in a proceeding arising under the Workmen’s Compensation Act (C.R.S. ’53, 81-1-1 et seq.).
It appears that Mascitelli, the claimant, on March 5, 1956, had suffered an injury to his right foot while employed as a coal miner, for which he was granted a 35% disability. The sole issue on this writ of error is whether the Industrial Commission was correct in ordering his case reopened on his request under C.R.S. ’53, 81-14-19 *242 when he alleged increased disability to 50% due to the accident.
The pertinent part of the statute reads:
“Commission may review on own motion — notice. Upon its own motion on the ground of * * * a change in condition, the commission, at any time, * * * within six years from the date of the accident * * * and after notice of hearing to the parties interested, may review any award * *
As stated, the accident occurred March 5, 1956. Subsequently, on March 3, 1962, claimant wrote a letter to the Commission asking that his claim be reopened. This request (which in legal effect should be considered as a petition) was received March 5, 1962, and was followed by action of the Commission which resulted in an order to reopen being entered May 1, 1962 — the latter date admittedly being more than six years after the accident. The insurer, a defendant in error here, objected to any reopening and alleged that the Commission was without jurisdiction to act.
It is to be noted that the statute does not provide the exact point at which the six year limitation becomes effective. Defendants in error urge that the Commission must act within the six year period and plaintiff in error states that the filing of the notice by a claimant prior to the termination of the period tolls the running of the statute.
We conclude that plaintiffs in error’s contention is correct. The purpose of this statute is not to place arbitrary power in the hands of the Commission, but to give it power, on request, to make equitable adjustments increasing awards where time has shown a change of condition. In analyzing the statute we must keep in mind that the Workmen’s Compensation Act is to be liberally construed to effectuate its humanitarian purpose of assisting injured workers. Also, in many court proceedings we note that the filing of a pleading or motion is effective to stop the running of specified time limitations. *243 E.g., Bankers Trust Co. v. Hall, 116 Colo. 566, 183 P.2d 986 (1947). The latter rule alone demonstrates that the filing of a notice in these quasi-judicial hearings within the six year period is sufficient to toll the statute without further action by the Commission.
The validity of our interpretation can be tested by means of a simple question, viz.: What if a claimant petitioned to reopen his case, say, four years after his accident, and yet for a period of two years thereafter the Commission itself failed or refused to act upon his request? Can it be said that in such a case a claimant would be barred by the Commission’s improper act or failure to act? Obviously not! So, here too, the same principle must apply; namely, once a claimant properly files his notice within the statutory period, he is within its protective folds.
In conclusion, we point out that possibly the only • — ■ and surely the most practical — way for the Commission to gain the necessary information of a change of condition under the statute, is for a claimant to give notice thereof to the Commission, after which it may review its award; and if it deems that the case warrants it thereafter, upon its own motion, it may reopen the matter. So interpreting the statute gives it life and vitality to accomplish its expressed purpose; whereas, to hold as defendants in error urge us to do, would leave all petitioning injured claimants in a state of uncertainty, and allow for no relief if the Commission failed or refused to act within the six year period.
The judgment is reversed.
Mr. Justice Frantz and Mr. Justice Schauer concur.