**FEDERAL EXPRESS, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and William McElwain, Respondents.**

No. 01CA2563.

Colorado Court of Appeals,
Div. II.

June 20, 2002.

Ritsema & Lyon, P.C., Michael A. Perales, Denver, Colorado, for Petitioner.

No Appearance for Industrial Claim Appeals Office of the State of Colorado.

Peter E. Morgan, Englewood, Colorado, for Respondent William McElwain.

Opinion by Judge TAUBMAN.

In this workers' compensation proceeding, Federal Express (employer) seeks review of the final order of the Industrial Claim Appeals Office (Panel) upholding the order of the Administrative Law Judge (ALJ) which reopened the claim of William McElwain (claimant) and awarded him additional benefits. We affirm.

Claimant sustained an admitted injury on March 17, 1994, when he fell into the back of a delivery truck. He was diagnosed with postconcussive syndrome, and his claim was deemed closed by final admission on July 29, 1994.

On December 15, 1999, claimant petitioned to reopen his claim, alleging a mutual mistake of fact and a worsened condition. He asserted that the fall caused a traumatic brain injury with cognitive impairment, which went undiagnosed at the time his claim was closed.

Employer moved to dismiss. Employer argued that pursuant to § 8–43–303(1), C.R.S.2001, claimant was required to obtain review of his prior award within six years after his industrial injury and that, although his petition to reopen was filed within that period, he had failed to file his application for hearing until July 2000, and therefore, was precluded from meeting the statutory deadline.

Relying upon *Mascitelli v. Giuliano & Sons Coal Co.*, 157 Colo. 240, 402 P.2d 192 (1965), the ALJ found that claimant had tolled the applicable statutory period when he filed his petition to reopen. The ALJ, accordingly, denied employer's motion to dismiss. The ALJ also granted the petition to reopen, holding that claimant had suffered a worsened condition, the prior final admission was based on a mutual mistake of fact, and that claimant was entitled to further benefits.

The ALJ's order was upheld by the Panel on review.

In this appeal, employer again argues that claimant's petition to reopen was untimely and further contends that the ALJ erred in relying upon *Mascitelli v. Giuliano & Sons Coal Co., supra.* We disagree.

 As pertinent here, § 8–43–303(1) provides that "[a]t any time within six years after the date of injury, the director or an administrative law judge may, after notice to all parties, *review and reopen any award* on the ground of fraud, an overpayment, an error, a mistake, or a change in condition." (Emphasis supplied.)

In *Mascitelli,* which was decided under a prior version of the reopening statute, the supreme court noted that the statute did not provide the exact point at which the six-year limitation becomes effective. The court concluded that the statute did not require the Industrial Commission to act within the specified period, but rather that filing a notice to have a claim reopened before the end of the period effectively tolls the running of the statute. The court observed that, under the law then in effect, the workers' compensation act was to be liberally construed to effectuate its humanitarian purpose of assisting injured workers. *See* Colo. Sess. Laws 1943, § 389 at 423. The *Mascitelli* court also found that its construction of the reopening statute was consistent with many decisions in which the filing of a pleading or motion had been held to toll specified time limitations. The court reasoned that to hold otherwise would create uncertainty because no relief would be available if the Industrial Commission failed or refused to act within the six-year period.

 Employer maintains that *Mascitelli* is no longer good law. In support, employer refers to § 8–43–201, C.R.S.2001, which provides that the "facts in a workers' compensation case shall not be interpreted liberally in favor of either the rights of the injured worker or the rights of the employer." However, as the Panel noted, § 8–43–201 pertains to the interpretation of facts or evidence and does not conflict with the rule of liberal statutory construction, which has been reaffirmed in recent supreme court decisions. *See Weld County Sch. Dist. RE–12 v. Bymer,* 955 P.2d 550 (Colo.1998); *Mountain City Meat Co. v. Oqueda,* 919 P.2d 246 (Colo. 1996).

We also disagree with employer that *Mascitelli* is legally distinguishable. Although, as employer correctly points out, current law requires the scheduling of a hearing within eighty to one hundred days after the filing of an application for hearing, *see* §§ 8–43–209, 8–43–211, C.R.S.2001, this change does not vest the claimant with control over the timing of an adjudication. As the Panel ob-

served, other contingencies remain beyond the claimant's control, such as the docketing of the claim or the granting of continuances, which affect the timing of an adjudication. Thus, this rationale for *Mascitelli* retains its validity under the present act.

We agree with the Panel that the ALJ properly relied upon the *Mascitelli* decision to find that claimant's petition to reopen was not time barred and that the six-year period to reopen a claim is tolled on the date claimant files a petition to reopen.

The order is affirmed.

Judge PLANK and Judge DAILEY concur.