2012 CO 62

In re Lorena GARCIA, Plaintiff

v.

SCHNEIDER ENERGY SERVICES, INC. and William R. Smith, Defendants.

No. 11SA219.

Supreme Court of Colorado, En Banc.

Oct. 22, 2012.

Irwin & Boesen, P.C., Randal R. Kelly, Denver, CO, Attorneys for Plaintiff.

Hall & Evans, L.L.C., Peter F. Jones, Alan Epstein, Jeanne C. Baak, Denver, CO, Attorneys for Defendant Schneider Energy Services, Inc.

No appearance by or on behalf of William R. Smith.

Justice RICE delivered the Opinion of the Court.

¶ 1 In this original C.A.R. 21 proceeding we review the trial court's grant of summary judgment after it found that 71 days was not a reasonable time for purposes of "relating back" an amended complaint pursuant to

*Dillingham v. Greeley Publishing Company*, 701 P.2d 27, 31 (Colo.1985), and C.R.C.P. 15(c). In fact, under *Dillingham* the proper measure for relation back under C.R.C.P. 15(c) is the time between the filing date of the original complaint and the date when the party related back receives notice. We now hold that—consistent with this Court's decision in *Dillingham*—116 days after the filing of the original complaint is a reasonable amount of time for notice. Accordingly, we vacate the trial court's order granting the motion, make the rule absolute, and direct the trial court to conduct further proceedings consistent with this opinion.

## I. Facts and Proceedings Below

¶ 2 On July 25, 2007, Reyes Garcia, the husband of Plaintiff Lorena Garcia ("Garcia"), suffered burns in a natural gas well fire. Mr. Garcia died from his burns on September 10, 2007. On July 24, 2009, Garcia filed suit for the alleged wrongful death of her husband. In her complaint, Garcia named Noble Energy, Inc. ("Noble"), the owner of the well site, and Noble employee Bill Smith, as defendants.

¶ 3 Noble answered Garcia's complaint by denying any employment or agency relationship with Smith. On November 17, 2009, 116 days after Garcia filed its complaint against Noble, Noble sent a tender letter to Schneider Energy Services, Inc. ("Schneider Energy") seeking indemnification for Garcia's lawsuit under a Master Service Contract between Noble and Schneider Energy.

¶ 4 On January 20, 2010, Noble wrote a letter to Garcia disclosing the Master Service Contract between it and Schneider Energy and confirming that Smith was an independent contractor for Schneider Energy. Thereafter, Garcia stipulated to the dismissal of Noble with prejudice. On July 28, 2010, Garcia filed a motion to amend her complaint to add Schneider Energy as a defendant. The trial court accepted the amended complaint on August 18, 2010, and Schneider Energy was served on or about October 19, 2010.

¶ 5 Schneider Energy then moved for summary judgment on the grounds that Garcia failed to serve Schneider Energy or name it as a defendant within the wrongful death statute's two-year limitations period. § 13–80–102(1)(d), C.R.S. (2012) (two-year statute of limitations period for wrongful death actions); § 13–80–108(2), C.R.S. (2012) (accrual date for wrongful death actions). Garcia opposed summary judgment. Citing C.R.C.P. 15(c), she claimed that the amended complaint naming Schneider Energy was timely because it related back to the date of her original, timely complaint.

¶ 6 The trial court granted Schneider Energy's motion finding that Garcia had failed to establish the requirements for relation back under C.R.C.P. 15(c). The trial court reasoned that the "earliest knowledge Schneider had [was 71 days] after the running of the statute of limitations." In light of this Court's decision in *Dillingham*, 701 P.2d at 31, the trial court concluded that 71 days after the running of the statute of limitations-in contrast to the single day in *Dillingham*—was beyond the reasonable time allowed for notice. Garcia now petitions this Court under C.A.R. 21 for review of the trial court's order granting summary judgment to Schneider Energy. We hold that in this case, Schneider Energy's notice 116 days after Garcia filed the original complaint is reasonable such that it is within the period provided by law for commencing an action under C.R.C.P. 15(c).

## II. Standard of Review

¶ 7 We review de novo the trial court's interpretation of a rule of civil procedure. *City & Cnty. of Broomfield v. Farmers Reservoir & Irrigation Co.*, 239 P.3d 1270, 1275 (Colo.2010). Rules of procedure are interpreted according to their "commonly understood and accepted meaning." *Leaffer v. Zarlengo*, 44 P.3d 1072, 1078 (Colo.2002) (quoting *Farmers Ins. Exch. v. Bill Boom Inc.*, 961 P.2d 465, 469 (Colo.1998)). This Court relies on various interpretational aids, including the federal rules and federal precedent interpreting federal rules, in interpreting the Colorado Rules of Civil Procedure. *See Garrigan v. Bowen*, 243 P.3d 231, 235 (Colo.2010) (determining the scope of a Colorado discovery rule by, in part, reviewing federal case law and the federal rules).

### III. Analysis

#### A. C.R.C.P. 15(c)

¶ 8 In Colorado, an amendment to a pleading changing the party against whom a claim is asserted relates back to the date of the original pleading if the claim arises "out of the conduct, transaction, or occurrence set forth" in the pleading, and if:

> within the period provided by law for commencing the action against him, the party to be brought in by amendment: (1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

C.R.C.P. 15(c) (emphasis added). The trial court in this case did not analyze requirements (1) or (2) for relation back because it determined that the earliest time that Schneider Energy could have received the requisite notice, 71 days after the two-year limitations period expired, was not within the period provided by law for commencing the action.

¶ 9 We have determined that "the period provided by law for commencing the action" includes notice within a reasonable time as measured by the time allowed for service of process in Colorado. *Dillingham*, 701 P.2d at 32. Accordingly, we must determine what constitutes a reasonable time for notice. To do this, we first consider our *Dillingham* precedent and then analyze the timing of the notice in this case.

#### B. *Dillingham v. Greeley Publishing Company*

■ ¶ 10 Our review of *Dillingham*—including consideration of the federal precedent underlying the *Dillingham* decision and the rules for service of process in this state—indicate that 116 days is a reasonable time for notice. While this Court is not bound to interpret our rules of civil procedure the same way the United States Supreme Court has interpreted its rules, we do look to the federal rules and federal decisions interpreting those rules for guidance. *See, e.g., Gar-*

*rigan*, 243 P.3d at 235 ("Because the Colorado Rules of Civil Procedure are patterned on the federal rules, we may also look to the federal rules and decisions for guidance.").

¶ 11 In *Dillingham*, we addressed whether, under C.R.C.P. 15(c), an amended complaint related back to a timely filed and served complaint where the entity sought to be made a party to the lawsuit became aware of the existence of the lawsuit four days after the original filing and one day after the limitations period expired. 701 P.2d at 28, 31. Our decision turned on the meaning of the phrase "within the period provided by law for commencing the action against him"; specifically, whether the "period provided by law" referred solely to the statute of limitations or, instead, allowed for notice within the time under applicable Colorado law for service of process. *Id.* at 31–32. We reviewed conflicting federal precedent and settled on the Second Circuit's interpretation of F.R.C.P. 15(c). *Id.; see Ingram v. Kumar*, 585 F.2d 566, 571 (2d Cir.1978) (addressing the then-existing ambiguity in the federal rules regarding the meaning of "within the period provided by law"). Adopting *Ingram*'s reasoning, this Court held that "within the period provided by law for commencing the action against him," should be interpreted to include time beyond the statute of limitations because, in Colorado, "service of process can be effected after the statute of limitations has run." *Dillingham*, 701 P.2d at 31 (quoting *Ingram*, 585 F.2d at 571).

■ ¶ 12 Despite the *Dillingham* Court's discussion of the statute of limitations, and contrary to the trial court's reasoning in this case, the *Dillingham* decision did not turn on the time between the running of the statute of limitations and the defendant's receipt of notice. See *id.* at 31. Instead, the important criterion in *Dillingham* was that the defendant received notice four days after the filing of the *original complaint*. *Id.* That notice occurred one day after the statute of limitations ran was immaterial because the filing of the original complaint tolls the statute of limitations. *Id.* at 32 (citing *Mascitelli v. Giuliano & Sons Coal Co.*, 157 Colo. 240, 242, 402 P.2d 192, 193 (1965)). Consistent with our decision in *Dillingham*, then, the

appropriate inquiry is whether the time between the filing date of the original complaint and the date when a defendant receives notice is reasonable. *Id.* at 30 ("the period provided by law for commencing the action 'does not require that the substituted party receive notice within the statute of limitations, but allows for relation back where the original complaint was timely filed and the substituted party receives notice within the time allowed for service of process' ").

¶ 13 After our decision in *Dillingham,* F.R.C.P. 15(c) was amended to resolve the ambiguity surrounding the relation back time period in the federal rule. As amended, F.R.C.P. 15(c)(1)(C) now provides that the party to be named must have had the requisite notice "within the period provided by Rule 4(m) for serving the summons and complaint." Now, under the Federal Rules of Civil Procedure, parties seeking to relate back an amended complaint must prove the new defendant received notice 120 days from the original filing. F.R.C.P. 15(c)(1)(C); F.R.C.P. 4(m); *Krupski v. Costa Crociere S.p.A.,* — U.S. —, 130 S.Ct. 2485, 2497 n. 5, 177 L.Ed.2d 48 (2010) (noting that F.R.C.P. 15(c)(1)(C)(i) "simply requires that the prospective defendant has received sufficient 'notice of the action' within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits").

¶ 14 Unlike F.R.C.P. 15(c), Colorado's Rule 15(c) has not been amended to contain the same language;[1] nonetheless, our reasoning in *Dillingham* is consistent with the rationale behind the current F.R.C.P. 15(c). That is, both the amended federal rule and *Dillingham* stem from the modern liberal pleading standard, which seeks to resolve disputes on the merits. *See, e.g., Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); *LaFond v. Basham,* 683 P.2d 367, 369 (Colo.App.1984) ("A pleading in Colorado need only serve notice of the claim asserted,

... since the substance of the claim rather than the appellation applied to the pleading by the litigant controls." (citations omitted)). Moreover, like *Dillingham,* the amended federal rule prevents the nonsensical situation whereby a misnamed party is entitled to dismissal earlier than a properly named party because notice is effective after the running of the statute of limitations only for the former. *Dillingham,* 701 P.2d at 32 ("There is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly." (citation omitted)); *accord Warren v. Dep't of Army,* 867 F.2d 1156, 1161–62 (8th Cir.1989) (prior to the federal rule change, but reaching the same result as the amended rule by equitably tolling the applicable statute of limitations). We now analyze whether notice 116 days after the filing of the original complaint was reasonable.

## C. Notice

¶ 15 As mentioned above, the *Dillingham* decision looked to Colorado's rules for service of process to determine that the time between the original filing date and the notice date was reasonable. 701 P.2d at 32 ("notice 'within the period provided by law for commencing the action' specified in C.R.C.P. 15(c) includes the reasonable time allowed for service of process"). Therefore, we now consider this Court's precedent articulating the correct amount of time for service of process to determine whether notice 116 days after filing the original complaint is reasonable. Unlike the federal rules, which require that a summons must be served upon a defendant within 120 days after the filing of the complaint, *see* F.R.C.P. 4(m), Colorado law allows an action to remain pending indefinitely on the filing of the complaint alone. *Fletcher v. Dist. Court,* 137 Colo. 143, 146, 322 P.2d 96, 97 (1958); *Kingsley v. Clark,* 57 Colo. 352, 355, 141 P. 464, 466 (1914). Nonetheless, service of process after filing the complaint must be had within a reasonable time, and if a delay is not reasonable, the trial court has discretion to dismiss the ac-

1. The Supreme Court Civil Rules Committee is charged with proposing amendments to the Rules of Civil Procedure to the Colorado Supreme Court when it believes it to be necessary and appropriate.

tion for failure to prosecute. *See Nelson v. Blacker*, 701 P.2d 135, 137 (Colo.App.1985). A trial court must consider various factors in determining whether a delay in notice is unreasonable. *See Lake Meredith Reservoir Co. v. Amity Mut. Irrigation Co.*, 698 P.2d 1340, 1345 (Colo.1985) (trial court did not abuse its discretion when it dismissed a case after a 37 year delay). These factors include: the length of delay, the reasons for the delay, the prejudice that will result to the defendant by allowing the matter to continue, and the nature and extent of the plaintiff's efforts in avoiding or rectifying the delay. *Id.*

¶ 16 Applying these factors and considering the federal approach discussed above, we conclude that the 116 day gap between the original filing and notice here is reasonable as it likely falls within the appropriate time for service of process.[2] A delay in notice of 116 days is a relatively short period of time. It is within the 120 days permitted for service of process under the similar federal rule. Moreover, Schneider Energy has suffered little or no prejudice on account of the 116 day delay because it received substantially the same notice it would have received if it had been correctly named in the original complaint. In fact, codefendant Smith, who was correctly named in the original complaint, received notice of the action through service of process more than 90 days after the limitations period expired. Further, Noble, not Schneider Energy, owned the well site where Mr. Garcia suffered his fatal injuries; as a result, Garcia was not in a position to discover the employment relationship between Smith and Schneider Energy until after she filed the complaint against Noble. In short, the record does not suggest that Gar-

cia was dilatory in prosecuting the case, and Schneider Energy is not prejudiced by the delay.

¶ 17 Under these circumstances, Schneider Energy's receipt of notice within 116 days of the original filing date is within the reasonable time for relation back under C.R.C.P. 15(c).

## IV. Conclusion

¶ 18 Because we conclude that 116 days after the filing of the original complaint is a reasonable time for notice, we make this rule absolute and direct the trial court to conduct a full analysis of the remaining considerations for relation back under C.R.C.P. 15(c). Upon remand, the trial court shall determine when the requisite notice was received in accordance with C.R.C.P. 15(c). If it determines that notice occurred later than 116 days, the trial court shall conduct an analysis of the *Lake Meredith Reservoir Company* factors.

Justice MÁRQUEZ dissents.

Justice MÁRQUEZ, dissenting.

¶ 1 I respectfully dissent. The United States Supreme Court's ruling in *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), decided after *Dillingham*, convinces me that our decision in *Dillingham* was erroneous and should be overruled.[1] The majority reaffirms *Dillingham* without acknowledging that the U.S. Supreme Court has since repudiated the federal case law we relied on in deciding that case. Maj. op. ¶ 15. The majority concludes that our reasoning in *Dillingham* is consistent with the rationale behind the current amended F.R.C.P. 15(c). Maj. op. ¶ 14. Yet in so

---

**2.** The trial court did not decide that Schneider Energy actually received notice 116 days after the original filing. Rather, the trial court determined that the *earliest* Garcia asserted that Schneider Energy had received notice was 71 days after the limitations period ended—which is 116 days after the original filing—and it determined that this length of time was not within the reasonable time for notice.

**1.** Although neither party asked this court to overrule *Dillingham*, we may consider the propriety of our own precedent and take notice of decisions of other courts, especially the United States

Supreme Court. *Cf. Roberts v. Am. Family Mut. Ins. Co.*, 144 P.3d 546, 550–51 (Colo.2006) ("Appellate courts are, however, not limited to the constructions of controlling law relied upon by the lower courts or offered by the parties."). Moreover, as the majority acknowledges, we look to federal decisions for guidance in interpreting our own rules. Maj. op. ¶ 10 (citing *Garrigan v. Bowen*, 243 P.3d 231, 235) ("Because the Colorado Rules of Civil Procedure are patterned on the federal rules, we may also look to the federal rules and decisions for guidance.").

doing, it wholly fails to reconcile *Dillingham* with the well-reasoned Supreme Court decision that led to the amended federal rule, let alone to acknowledge how the amended federal rule differs materially from the Colorado rule, both in text and in operation.

¶ 2 In my view, the interpretation reaffirmed today by the majority cannot be squared with the plain language of Colorado's rule. I would not, as the majority does, adhere to our prior interpretation of the Colorado rule simply because that interpretation comports with rationale behind a now very differently worded federal rule, especially where the U.S. Supreme Court has rejected the reasoning underpinning our prior interpretation. In effect, the majority's decision judicially adopts a version of the Federal Rules Committee's post-*Schiavone* amendment to F.R.C.P. 15. It may well be good policy for Colorado to amend C.R.C.P. 15 (and C.R.C.P. 4) to conform to their federal counterparts, but any amendment to the rules should occur through the Colorado Civil Rules Committee process—and outside the context of a litigated dispute. Thus, in my view, the majority today not only bypasses the rule-making process but blurs our separate adjudicatory and administrative roles as a court.

## I. Analysis

¶ 3 Colorado Rule of Civil Procedure 15(c) provides:

> (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action against him, the party to be brought in by amendment: (1) Has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (2) knew or should have known that, but for a mistake concerning the identity*

*of the proper party, the action would have been brought against him.*

C.R.C.P. 15(c) (emphasis added).

¶ 4 This case requires us to interpret what is meant by "within the period provided by law for commencing the action against him" in the above emphasized phrase.

### A. Prior Interpretations of C.R.C.P. 15(c) and Its Federal Analog F.R.C.P. 15(c)

¶ 5 In *Dillingham v. Greeley Publishing Co.*, 701 P.2d 27 (Colo.1985), we addressed whether, under C.R.C.P. 15(c), an amended complaint related back to a timely filed and served complaint where the entity sought to be made a party to the lawsuit became aware of the lawsuit one day after the limitations period had expired. There, the plaintiff, Dillingham, sued the "Tribune–Republican Publishing Company, a Colorado Corporation doing business as the Greeley Tribune" three days before the one-year limitations period expired. *Dillingham*, 701 P.2d at 28 & n. 1. Approximately five months after the limitations period had expired, Dillingham moved to amend his complaint "to correct a misnomer of the corporate name" of the defendant to "The Greeley Publishing Company d/b/a The Greeley Daily Tribune." The trial court concluded that the amendment did not relate back to the original timely filed complaint under Rule 15(c) because the Greeley Publishing Company had not received notice of the lawsuit until one day after the statute of limitations had run, when one of its news reporters examined the file at the courthouse in the course of his duties. *Dillingham*, 701 P.2d at 29. The trial court therefore granted Greeley Publishing Company's motion to dismiss the claim as time-barred. *Id.* The court of appeals affirmed, holding that " 'notice to an entity sought to be made a party to a lawsuit by amendment under C.R.C.P. 15(c) must be accomplished prior to the running of the statute [of limitations].' " *Id.* (quoting *Dillingham v. Greeley Pub. Co.*, 661 P.2d 700, 701 (Colo.App.1982)). On certiorari review, Dillingham argued that Rule 15(c) allows for relation back where the original complaint was timely filed and the substituted party receives notice within the reason-

able time for service of process. *Id.* at 30. We agreed and reversed the court of appeals. *Id.* at 30–32.

¶ 6 We noted that federal appellate courts were split on how to interpret the phrase "within the period provided by law for commencing the action against him" under F.R.C.P. 15(c), which at that time was substantially identical to C.R.C.P. 15(c). *Id.* at 31 & n. 6. Several circuit courts held that this phrase referred solely to the applicable statute of limitations. *Id.* at 31 (citing, inter alia, *Archuleta v. Duffy's Inc.,* 471 F.2d 33 (10th Cir.1973); *Cooper v. United States Postal Serv.,* 740 F.2d 714 (9th Cir.1984); *Ringrose v. Engelberg Huller Co.,* 692 F.2d 403 (6th Cir.1982); *Simmons v. Fenton,* 480 F.2d 133 (7th Cir.1973)). Other federal courts held that the phrase includes a "reasonable time allowed under the federal rules or applicable state law for service of process." *Id.* (citing *Ingram v. Kumar,* 585 F.2d 566 (2d Cir. 1978); *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980); *Dutka v. S. Ry. Co.,* 92 F.R.D. 375 (N.D.Ga.1981); *Swann Oil, Inc. v. M/S Vassilis,* 91 F.R.D. 267 (E.D.N.C.1981); *Clark v. S. Ry. Co.,* 87 F.R.D. 356 (N.D.Ill.1980)).

¶ 7 We adopted the Second Circuit's approach in *Ingram v. Kumar,* 585 F.2d 566 (2d Cir.1978), quoting that case:

> "Although on its face the phrase, 'within the period provided by law for commencing the action against him,' seems to mean the applicable statute of limitations period, such a literal interpretation is unjustified in jurisdictions where timely service of process can be effected after the statute of limitations has run. In those jurisdictions, even an accurately named defendant may not receive actual notice of the action against him prior to the running of the statute of limitations. Yet there is no doubt that the action against him is timely commenced. There is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly."

*Dillingham,* 701 P.2d at 31–32 (quoting *Ingram,* 585 F.2d at 571). We went on to state:

> We agree that such a result is anomalous and is not required by the rule. Greeley Publishing Company should not be given an advantage it would not have received had it been named correctly in the original complaint. Colorado is among those jurisdictions where timely service of process can be effected after the statute of limitations has run. *See* C.R.C.P. 3; C.R.C.P. 4. *See also Mascitelli v. Giuliano & Sons Coal Co.,* 157 Colo. 240, 402 P.2d 192 (1965) (generally, filing of a pleading or a motion is effective to stop the running of specified time limitations). Therefore, we hold that notice "within the period provided by law for commencing the action" specified in C.R.C.P. 15(c) includes the reasonable time allowed for service of process.

*Id.* at 32.

¶ 8 After we decided *Dillingham,* the United States Supreme Court resolved the federal circuit split on this issue in *Schiavone v. Fortune,* 477 U.S. 21, 22 & n. 1, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). There, the Supreme Court rejected the interpretation of F.R.C.P. 15(c) expressed in *Ingram.* In interpreting the phrase "within the period provided by law for commencing the action against him," the majority stated that the only choice it had was whether to recognize or ignore the plain language of the rule. *Schiavone,* 477 U.S. at 30, 106 S.Ct. 2379. Choosing the former, the Court said:

> We are not inclined, either, to temper the plain meaning of the language by engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from [F.R.C.P.] 4, for the service of a timely filed complaint. [F.R.C.P.] 4 deals only with process. [F.R.C.P.] 3 concerns the "commencement" of a civil action. Under [F.R.C.P.] 15(c), the emphasis is upon "the period provided by law for commencing the action against" the defendant. An action is commenced by the filing of a complaint....
>
> Any possible doubt about this should have been dispelled 20 years ago by the Advisory Committee's 1966 Note about Rule 15(c). The Note specifically states that the Rule's phrase "within the period provided by law for commencing the action" means "within the applicable limitations period":

"An amendment changing the party against whom a claim is asserted relates back if the amendment satisfies the usual condition of Rule 15(c) of 'arising out of the conduct ... set forth ... in the original pleading,' and if, *within the applicable limitations period*, the party brought in by amendment, first, received such notice of the institution of the action-the notice need not be formal-that he would not be prejudiced in defending the action, and, second, knew or should have known that the action would have been brought against him initially had there not been a mistake concerning the identity of the proper party" (emphasis supplied).

*Id.* at 30–31, 106 S.Ct. 2379 (quoting F.R.C.P. 15(c), 1966 advisory committee's note).

¶ 9 In direct response to the Supreme Court's decision in Schiavone, the Federal Rules Committee amended F.R.C.P. 15(c).[2] The amended rule no longer refers to "the period provided by law for commencing an action." Instead, the rule now requires the party to be added to have received the requisite notice "within the period provided by Rule 4(m) for serving the summons and complaint." Under F.R.C.P. 4(m), that time period is generally 120 days following the filing of the action, absent certain exceptions. *See* F.R.C.P. 4(m).

¶ 10 Unlike its federal analog, C.R.C.P. 15(c) has not been amended. The Colorado rule continues to refer to "the period provided by law for commencing an action" as it did in 1985 when we decided *Dillingham.*

**2.** *See* F.R.C.P. 15(c), 1991 advisory committee's note.

**3.** Although we strongly adhere to the doctrine of stare decisis, we must be willing to overrule a prior decision if we are "clearly convinced it was originally erroneous ... and that more good than harm will come from departing from the precedent." *Ingold v. AIMCO/Bluffs, L.L.C. Apartments*, 159 P.3d 116, 125 (Colo.2007).

**4.** We held in *Dillingham* that "notice 'within the period provided by law for commencing the action' ... includes the reasonable time allowed for service of process." 701 P.2d at 32. The majority slightly rephrases that holding as, " 'the period provided by law for commencing the action' includes notice within a reasonable time as

## B. *Dillingham* Should Be Overruled

¶ 11 Given the Supreme Court's analysis in *Schiavone,* I am persuaded that *Dillingham* should be overruled because the original decision was erroneous and more good than harm will come from departing from the precedent.[3] In short, I agree with the Supreme Court in *Schiavone* that the plain language "within the period provided by law for commencing the action" refers to the applicable statute of limitations period. In my view, this plain language simply cannot be stretched to include "a reasonable time [for notice] as measured by the time allowed for service of process" without either (1) improperly adding an entire phrase to Rule 15(c) that does not exist; or (2) effectively interpreting the phrase "commencing an action" to now mean that an action is not actually "commenced" until a plaintiff both files her complaint *and* serves process on a defendant.[4] Such an interpretation, however, is directly contrary to C.R.C.P. 3, which provides that an action is "commenced" by (1) filing a complaint with the court; or (2) serving a summons and complaint, and then, absent certain exceptions, filing the complaint within 14 days after service.[5]

¶ 12 In my view, adherence to the plain language of Rule 15 also assures consistent application of the rule by avoiding the inherent uncertainty in determining what constitutes a "notice within a reasonable time as measured by the time allowed for service of process in Colorado." Whereas F.R.C.P. 4(m) generally establishes a reasonable time

measured by the time allowed for service of process in Colorado." Maj. op. 9. The result is the same, however, in that the majority interprets the phrase "the period provided by law for commencing the action" to include the time allowed for service of process.

**5.** The majority's interpretation also injects uncertainty into the meaning of "commencing an action" in other contexts, especially statute of limitations periods that routinely refer to the time period in which a particular action must be "commenced," *see* §§ 13–80–101 to –107.5, C.R.S. (2012), because it suggests that a plaintiff must both file and serve a complaint within the limitations period to "commence" an action under those provisions, contrary to C.R.C.P. 3 and common understanding.

for service as "120 days after the complaint is filed," C.R.C.P. 4 establishes no comparable deadline for service of process—indeed, it establishes no deadline whatsoever. As the majority recognizes, an action in Colorado may remain pending indefinitely on the filing of the complaint alone. Maj. op. ¶ 14; *Kingsley v. Clark*, 57 Colo. 352, 141 P. 464 (1914). Only when its status is challenged must a showing be made to justify the delay in effecting service of process. *Nelson v. Blacker*, 701 P.2d 135, 137 (Colo.App.1985). Courts have concluded that even significant delays in service of process may be reasonable under the circumstances of a particular case. *See id.* (two-year delay reasonable where defendant had actual notice that action was contemplated and had stipulated to accept service of process); *Oversole v. Manci*, 216 P.3d 621 (Colo.App.2009) (fifteen-month delay in obtaining service of process reasonable where delay was due to failure to obtain service on defendant serving in Marine Corps in an undisclosed location).

¶ 13 The problem is that the undefined "time allowed for service of process" can compound the length of time that passes before a new defendant is *actually* brought into a case. Under the majority's interpretation of *Dillingham*, so long as a defendant to be added receives requisite notice within the (undefined) "reasonable time for service," the plaintiff may file an amended complaint. Yet there is no apparent time limit on when the plaintiff must actually file that amended complaint, and the plaintiff has yet another undefined period of time to serve the amended complaint on the new defendant. Thus, the plaintiff may benefit from multiple allowances of additional time, each of indeterminate length. In this way, the majority's approach greatly undermines the certainty and finality provided by the limitations period. The majority's application of *Dillingham* in this case illustrates this point. In *Dillingham*, the Greeley Tribune learned of the lawsuit a few days after it was filed, and only one day after the statute of limitations had run; within approximately five months, the plaintiff moved to amend to name the Greeley Tribune as a defendant. Here, by contrast, the earliest that Schneider Energy could have received requisite notice of the lawsuit was 116 days after the complaint was filed and almost two and a half months after the limitations period had expired. The majority concludes under *Dillingham* that such notice was "within a reasonable time as measured by the time allowed for service." As a practical matter, however, Schneider Energy was not actually served until on or about October 19, 2010, or 452 days after the original complaint was filed and more than a year after the limitations period had run.[6]

¶ 14 On remand, the trial court will have to assess whether the remaining considerations for relation back are met here under C.R.C.P. 15(c). Nevertheless, it is troubling that a potential defendant who learns—after the limitations period has run—that a lawsuit has been filed against an unrelated party, apparently must proceed for an indefinite period of time with the uncertainty that it, too, might be brought into the case—perhaps even more than a year after the limitations period has expired.[7]

### C. This Court Should Not Judicially Adopt the Federal Rule

¶ 15 I would not, as the majority does, adhere to our prior interpretation of the Colorado rule simply because that interpreta-

---

**6.** That the majority relies on a case in which we concluded that a water court did not abuse its discretion in dismissing an action that was delayed for 37 years does not ease my concern with the inherent uncertainty in the majority's approach. Maj. op. ¶ 15 (citing *Lake Meredith Reservoir Co. v. Amity Mut. Irrigation Co.*, 698 P.2d 1340, 1345 (Colo.1985)).

**7.** I also note that *Dillingham* concerned a plaintiff's effort "to correct a misnomer of the corporate name" of the defendant (from from "Tribune–Republican Publishing Company, d/b/a The Greeley Tribune," to "Greeley Publishing Com-

pany d/b/a The Greeley Tribune"). *Dillingham*, 701 P.2d at 29. That is, Dillingham attempted to sue the correct defendant but simply misnamed the corporation. Even assuming that our holding in *Dillingham* served to avoid punishing a plaintiff for a relatively common and understandable error, this case presents very different circumstances. Garcia does not seek merely to correct a mistake in the corporate name of the defendant. Rather, she sued the wrong defendant entirely, and now seeks to bring in a wholly unrelated corporate entity as a new defendant.

tion comports with the rationale behind a now differently worded federal rule. Nor would I, in the context of a litigated dispute, effectively import the language of the amended federal rule into our own rule, thereby bypassing the Civil Rules Committee process and blurring our separate adjudicatory and administrative roles as a court.

¶ 16 As discussed above, after Schiavone, the Federal Rules Committee amended F.R.C.P. 15(c). The Committee deleted any reference to "the period provided by law for *commencing the action.*" Instead, the rule now provides that the party to be added must receive the requisite notice "within the period provided by Rule 4(m) for serving the summons and complaint." That is, the rule expressly refers to the 120–day period defined by the federal rules for *service of process.*

¶ 17 Unlike the amended federal rule, the Colorado rule continues to refer to "the period provided by law for commencing the action." The majority barely acknowledges these significant textual differences, and simply refers to the federal 120–day service period as guidance to interpret the Colorado rule. Maj. op. ¶ 16. It may well be good policy for Colorado to amend Rule 15 (and Rule 4) to conform to their federal counterparts. However, any amendment to the rules should occur through the Colorado Civil Rules Committee process—and outside the context of a litigated dispute. The majority's decision bypasses that rule-making process, under which this court adopts or rejects proposed changes upon recommendation by a rules committee following the committee's internal discussions and, in some instances, the court's solicitation of public comments. Rather than distort the plain language of C.R.C.P. 15(c), I would defer to the rule-making process to amend that rule (and C.R.C.P. 4, if necessary). This approach would avoid the majority's incongruent interpretation of "commencing an action" and provide greater certainty to the meaning of a reasonable time for service.

## II. Conclusion

¶ 18 Despite the plain language of C.R.C.P. 15(c), the inherent uncertainty in the application of the judicially revised rule in *Dillingham,* and the Supreme Court's reasoning in *Schiavone* rejecting the case law underpinning our opinion in *Dillingham,* the majority overlooks an opportunity to revisit that decision. Instead, the majority reaffirms *Dillingham,* relying on a differently worded amended federal rule. It does so without acknowledging the intervening Supreme Court decision that led to the amendment, and suggests that a "notice within a reasonable time as measured by the time allowed for service" is the 120–day period provided by F.R.C.P. 4(m), even though neither C.R.C.P. 15(c) nor C.R.C.P. 4 contains any such time limitation.

¶ 19 I would overrule our prior decision in *Dillingham* and hold that under C.R.C.P. 15(c), the language "within the period provided by law for commencing the action" refers to the applicable statute of limitations period only. Accordingly, I would hold that because Schneider Energy did not receive notice of Garcia's suit within the statute of limitations period, the trial court properly concluded that Garcia's claim against Schneider Energy was time-barred. Therefore, I respectfully dissent.