25CA1632 Marriage of Gillis 06-11-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA1632
Larimer County District Court No. 22DR30272
Honorable Susan Blanco, Judge

In re the Marriage of

Kathryn Gillis,

Appellee,

and

Tommy Gillis,

Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE SCHUTZ
Lipinsky and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 11, 2026

The Locke Law Firm, PC, Teresa Locke, Denver, Colorado, for Appellee

The Drexler Law Group, PLLC, M. Addison Freebairn, Colorado Springs,
Colorado, for Appellant

¶ 1      In this post-dissolution of marriage proceeding involving Tommy Gillis (husband) and Kathryn Gillis (wife), husband appeals the district court's order denying his C.R.C.P. 60(b) motion, which sought relief from certain provisions of the parties' separation agreement. We reverse the district court's order and remand the case for further proceedings.

## I.      Background

¶ 2      In 2022, a district court magistrate dissolved the parties' marriage of nearly fourteen years. The parties executed a separation agreement that was incorporated into the decree of dissolution and made an order of the court. To equalize the division of marital property, the separation agreement required husband to pay wife $500,000 annually, starting in January 2024 and ending in 2033. The agreement also entitled wife to a salary and other compensation from husband's business. Additionally, husband agreed to pay wife $15,000 per month in contractually non-modifiable maintenance, which would terminate only upon his death or his full payment of the equalization amount.

¶ 3      In May 2025, husband filed a verified motion for relief from judgment under C.R.C.P. 60(b). In support of the motion, he

1

alleged that, since executing the separation agreement, his business had seen a significant decline in revenue and was incurring substantial losses, rendering it impossible for him to pay wife according to the agreement's terms. Accordingly, husband asserted that the enforcement of the separation agreement, including the maintenance and the property equalization payment provisions, had become unconscionable.

¶ 4    Husband specifically requested relief under C.R.C.P. 60(b)(4), which permits relief from a judgment if, as relevant here, "it is no longer equitable that the judgment should have prospective application," and C.R.C.P. 60(b)(5), which allows relief for "any other reason justifying relief from the operation of the judgment."

¶ 5    The district court denied husband's motion as untimely without reaching its merits.

## II.    Timeliness of Husband's Motion

¶ 6    Husband contends that the district court abused its discretion by denying his motion because, even though he sought relief under C.R.C.P. 60(b)(4) and (5), the court concluded that the motion had to be filed within six months of the decree. Because we agree that the district court applied the wrong legal standard in determining

2

the timeliness of husband's motion, we conclude that further proceedings are necessary and remand the case for that purpose.

### A. Standard of Review and Applicable Law

¶ 7 We review a district court's ruling on a C.R.C.P. 60(b) motion for an abuse of discretion. *In re Marriage of Seely*, 689 P.2d 1154, 1160 (Colo. App. 1984). A district court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair. *In re Marriage of Roddy*, 2014 COA 96, ¶ 23. Likewise, a district court abuses its discretion if its ruling is based on an erroneous view of the law. *Beren v. Beren*, 2015 CO 29, ¶ 12. "We review de novo the district court's interpretation of a rule of civil procedure." *Garcia v. Schneider Energy Servs., Inc.*, 2012 CO 62, ¶ 7.

¶ 8 A district court may grant relief from a judgment "upon such terms as are just." C.R.C.P. 60(b); *see Davidson v. McClellan*, 16 P.3d 233, 237 (Colo. 2001).

¶ 9 A party seeking relief under C.R.C.P. 60(b)(1) or 60(b)(2) for mistake, excusable neglect, or fraud must file the motion "within a reasonable time" but "not more than 182 days after the judgment." C.R.C.P. 60(b); *see Seely*, 689 P.2d at 1159 (construing prior version of rule, which required the motion to be filed within six

months).  Failure to seek relief within this time limit bars the motion.  *Seely*, 689 P.2d at 1159.

¶ 10    In contrast, a party seeking relief under C.R.C.P. 60(b)(4), because it is no longer equitable for the judgment to have prospective effect, or under C.R.C.P. 60(b)(5), for any other reason justifying relief from the judgment, must file the motion within a "reasonable time" without an express deadline.  C.R.C.P. 60(b); *see Seely*, 689 P.2d at 1160 (concluding that a motion filed eight months after the judgment entered was filed within a reasonable time).  What constitutes a reasonable time varies depending on the facts of any given case.  *See In re Marriage of Stroud*, 631 P.2d 168, 172 (Colo. 1981) (recognizing that what constitutes a reasonable time under C.R.C.P. 60(b)(4) or (5) "involves factual considerations").

## B.    Analysis

¶ 11    In denying husband's motion, the district court initially correctly acknowledged that, although any motion under Rule 60(b) must be made within a reasonable time, a motion under Rule 60(b)(1) or (2) must be filed within 182 days of the challenged order or judgment.  The court then found that, "[a]lthough this matter

may be able to fit under one of the later reasons listed in Rule 60(b), [husband's Rule] 60(b) motion [was not] filed within a 'reasonable time.'" The court next elaborated that "[a] reasonable time passes six months after judgment." The court accordingly concluded that, because husband's motion was filed two and a half years after the entry of the decree, a reasonable time had passed, meaning that the motion was time barred.

¶ 12    We agree with husband that the district court erred. The court applied the wrong legal standard when, for purposes of husband's motion under C.R.C.P. 60(b)(4) and (5), it held that a reasonable time necessarily passes six months after judgment. Yet, C.R.C.P. 60(b) unambiguously applies a strict time limit of 182 days (formerly six months, *see Seely*, 689 P.2d at 1159) *only* to motions filed under C.R.C.P. 60(b)(1) or (2).

¶ 13    To support its conclusion that a motion under Rule 60(b)(4) or (5) must be filed within six months to be timely, the district court relied on several older cases. However, each of those cases addressed motions that, under the current rule, would be governed by C.R.C.P. 60(b)(1) or (2). For instance, the district court cited *Burson v. Burson*, 369 P.2d 979, 980 (Colo. 1962), in which the

supreme court held that a motion for relief from a judgment because of mistake, inadvertence, surprise, or excusable neglect was untimely when filed nine months after the entry of a divorce decree. Other cases that the district court cited similarly involved the strict time limits for motions based on mistake under C.R.C.P. 60(b)(1). *See Peercy v. Peercy*, 392 P.2d 609, 611 (Colo. 1964); *Sauls v. Sauls*, 577 P.2d 771, 773 (Colo. App. 1977).

¶ 14    Wife suggests that the district court made sufficient findings to support its conclusion that husband did not file his motion within a reasonable time. We disagree. The court's *only* finding on this point was that husband filed his motion two and a half years after the entry of the decree. The court did not explain why this delay was unreasonable. Thus, to the extent that the court denied husband's motion for reasons other than it was filed more than six months after the decree, we are unable to ascertain the basis of the court's order, and further findings are required. *See In re Marriage of Rozzi*, 190 P.3d 815, 822 (Colo. App. 2008) (The district court must make findings of fact and conclusions of law sufficiently explicit to give an appellate court a clear understanding of the basis of its decision.).

¶ 15    In sum, because the district court applied the wrong legal standard when denying husband's motion and failed to make adequate findings explaining why the two-and-a-half-year delay was unreasonable, we reverse the order and remand the case for further proceedings.  On remand, the district court must make sufficient findings to determine whether husband's motion was filed within a reasonable time, without employing a fixed six-month cutoff.

¶ 16    However, we reject husband's contention that the district court is required to hold a hearing on remand.  Nothing in C.R.C.P. 60 requires a district court to hold an evidentiary hearing.  *Front Range Partners v. Hyland Hills Metro. Park & Recreation Dist.*, 706 P.2d 1279, 1281 (Colo. 1985) (concluding that the district court did not abuse its discretion in denying a C.R.C.P. 60(b) motion when it reviewed the trial record without an evidentiary hearing).  Accordingly, the district court has the discretion to decide whether a hearing on remand is necessary.  *See* C.R.C.P. 121 § 1-15(4) ("Motions shall be determined promptly if possible [and] [t]he court has discretion to . . . set a hearing on the motion."); *Rozzi*, 190 P.3d at 822.

## C. Wife's Other Contentions

¶ 17    Wife asserts that the district court's order should be affirmed on alternative grounds regardless of the timeliness of husband's motion. Specifically, she argues that the district court was barred from granting husband relief under C.R.C.P. 60(b) because the parties' separation agreement was non-modifiable, absent the parties' written consent. Wife also claims that husband's motion represents an improper attempt to revalue his business after the date of the marriage, in violation of section 14-10-113(5), C.R.S. 2025.

¶ 18    We decline to exercise our discretion to affirm the district court's order on alternative grounds. *See Hunter v. SCL Health-Front Range, Inc.*, 2022 COA 41, ¶¶ 24, 30 (recognizing the decision to affirm on alternative grounds is discretionary). Although the district court erred by denying husband's motion as untimely, it remains to be determined by the district court whether, under the correct legal standard, husband filed his request for relief within a reasonable time and therefore, may seek relief from the judgment in the first place. Thus, the consideration of the alternative arguments presented by wife is currently unnecessary.

¶ 19    Moreover, even if the district court finds on remand that husband's motion was filed within a reasonable time, it has not yet addressed the merits of husband's motion and wife's defenses to the same, and we do not find it appropriate to prematurely weigh in on these issues, particularly where factual findings may be necessary. *See Hunter*, ¶ 25 (recognizing the general rule favoring the resolution of disputes on their merits); *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 319 (Colo. 2010) (discussing the equitable nature of the relief available under C.R.C.P. 60(b)).

¶ 20    By declining to address wife's alternative arguments, we express no opinion on the merits of husband's motion under C.R.C.P. 60(b) or wife's corresponding defenses.

### III.    Disposition

¶ 21    The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE LIPINSKY and JUDGE YUN concur.